# Hamrick *v.* Shipp.

*Damages for Injury From Malpractice.*

(Decided June 9, 1910.  52 South. 932.)

1. *Appeal and Error; Presumptions; Facts not Shown by Record.*—Where the bill of exceptions does not set out all of the testimony of a certain witness, it will be presumed on appeal that such testimony tended to support the contentions of the defendant in some manner.

2. *Trial; Reception of Evidence; Good in Part.*—Where parts of the evidence were admissible and parts inadmissible, and the objection did not attempt to separate the good from the bad, the court will not be put in error for admitting the whole.

3. *Charge of Court; Misleading Instruction.*—Where an instruction is misleading merely, or the adversary party apprehends prejudice from its failure to further amplify the grounds of defendant's liability, the duty is upon such party to request an explanatory charge.

4. *Physicians and Surgeons; Care Required; Negligence.*—A physician is not required to be infallible in diagnosis or treatment of diseases, and the fact that a patient's disease was different from what it was diagnosed was evidential merely of negligence.

5. *Same; Malpractice; Instructions.*—Where the action was against a physician for damages for negligently treating a patient, a charge asserting that the question for the jury determination is not whether the patient had periostitis, osteomyelitis or rheumatism, but whether the defendant's physician had used reasonable skill and was not negligent in diagnosing and treating the patient, correctly submitted to the jury the ultimate question for their decision.

6. *Same.*—While due care requires skill and knowledge of diseases and their manner of treatment by a physician, it becomes immaterial whether an unsuccessful treatment resulted from lack of skill or failure to exercise it, if due care was not exercised; hence, in an action against a physician for damages for negligence in treating a patient a charge asserting that if the jury find that if the physician was not negligent in treating the patient before he was placed in an infirmary, they must find for the defendant, was nothing more than a statement that there could be no recovery unless the jury were reasonably satisfied that there had been a lack of skill in treatment, and hence, was proper.

7. Same.—A charge asserting that a physician was only required to exercise that degree of care and skill usually employed by physi-

cians does not show affirmative error, since the other party might have requested instructions amplifying his liability.

8. *Same; Evidence.*—The fact that the medical treatment was unsuccessful does not of itself justify an inference of unskillfulness or negligence on the part of the physician, in an action against him for mal-practice.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by James T. Hamrick against M. G. Shipp. From a judgment for defendant, plaintiff appeals. Affirmed.

The facts sufficiently appear in the opinion of the court. The following charges were given at the request of the defendant: (1) "The question submitted to you for determination by you in this case is not whether the boy had periostitis, osteomyelitis, or rheumatism, but whether the defendant was possessed of reasonable skill, and was reasonably diligent, not negligent, in the efforts to diagnose and properly treat the case." (3) "The court charges the jury that if they find reasonably from the evidence that the defendant, Shipp, was not negligent in his treatment of plaintiff's son before he was placed in an infirmary in Atlanta, then you must find in favor of the defendant." (4) "The court charges the jury that the law only requires the exercise of that degree of skill which is usually employed by physicians. He does not warrant a cure." · (5) "The court charges the jury that the jury cannot draw the conclusion of unskillfulness or negligence simply because the treatment was not successful."

STREET & ISBELL, for appellant. The court erred in permitting a history of the case to be testified to as given the operating physician after the patient was carried to Atlanta.—*Jones v. Portland*, 16 L. R. A. 437. Counsel discuss other assignments of error, but without further citation of authority.

[Hamrick v. Shipp.]

JOHN A. LUSK, and E. O. McCORD, for appellee. The error in admission of evidence complained of is without merit, as the plaintiff was under the duty to speak, yet remained silent.—*Campbell v. The State,* 55 Ala. 80; *Weaver v. The State,* 77 Ala. 28; *Williams v. The State,* 81 Ala. 10; *Harmon v. Goetter,* 87 Ala. 325; *Peck v. Ryan,* 110 Ala. 341. Charge 2 was properly given.—63 N. E. 324; 40 N. E. 279; 70 N. W. 750; 37 L. R. A. 830; 18 L. R. A. 627. Charge 5 was correct.—3 Ore. 139; 51 Me. 594; 14 Neb. 403; 17 Ohio 253; 21 Tex. 111. Counsel discuss the other assignments of error, but without further citation of authority.

SAYRE, J.—Plaintiff (appellant) sued defendant for damages alleging that defendant, who was a physician and surgeon, conducted himself in an ignorant, unskillful, or negligent manner in the professional treatment of plaintiff's son. After the treatment had continued for some months, the patient was taken to a hospital in the city of Atlanta, Ga. The deposition of the attending physician there was taken for, and offered by, the defendant. He was allowed to repeat the history of the case as it had been stated to him on arrival at the hospital by the defendant in the presence and hearing of plaintiff and others, among them the plaintiff's mother. The bill of exceptions recites that the history given by the defendant "was corroborated as far as they were able to do so by the father and mother of the boy." The bill does not purport to set out all the evidence in the cause, nor even all the testimony of the physician in Atlanta. One charge brought against the defendant was that he erred in diagnosis. It must be presumed that the testimony of the Atlanta physician tended to support the defendant's contention in some way, as that he had not erred in diagnosis, or that correct diagnosis

under the circumstances was so difficult that a mistake afforded little evidence of lack of skill, or that his treatment was skillful. Clearly the value of any opinion along these lines depended in large measure upon his knowledge of the history of the case. Plaintiff had carried his son there for treatment. He must be presumed to have understood the necessity of the history of the case being correctly stated, and if he stood by and heard a history given and corroborated it as far as he was able to do, the inference is natural and easy that the history was to that extent at least correct. The·objection taken at the trial was that the history of the case, unless given by the plaintiff himself, was illegal, irrelevant, and immaterial. This objection carried ·the concession that a history of the case stated by the plaintiff would have been admissible. In part at least defendant's statement became the statement of plaintiff. The objection did not undertake to discriminate between the good and the bad, if any was bad, nor did it take the point that the witness had failed to discriminate between those parts of the history which had and those which lacked corroboration. As for any objection taken, there was no error in admitting the testimony.

Plaintiff's son had been thrown by a mule. Some days afterwards the condition developed which made it necessary to procure medical attention. Defendant treated for acute articular rheumatism. Other physicians of good reputation concurred in his diagnosis and treatment. There was testimony, however, which went to show that the boy's trouble was periostitis or osteomyelitis. The court, on defendant's request, charged the jury that the question for their determination was not whether the boy had periostitis, osteomyelitis or rheumatism, but whether the defendant was possessed of reasonable skill, and whether he had been reasonably dili-

[Hamrick v. Shipp.]

gent, not negligent, in diagnosing and treating the case. The question put to the jury by the pleading was whether the defendant had "conducted himself in an ignorant, unskillful or negligent manner" in and about his treatment of the plaintiff's son. This the charge seems to state with sufficient clearness. It was perhaps not so carefully limited on all sides as it might have been, for it seems capable of the interpretation that it was not for the jury to determine the nature of the boy's ailment for any purpose, whereas, if the jury could have decided that question, that decision would have been of consequence in determining the ultimate question proposed by the pleading. In *McDonald v. Harris,* 131 Ala. 359, 31 South. 548, this court quoted with approval from 14 Am. & Eng. Encyc. Law, pp. 76, 78, as follows: "Physicians, surgeons and dentists, by holding themselves out to the world as such, impliedly contract that they possess the reasonable and ordinary qualifications of their profession, and are under a duty to exercise reasonable and ordinary care, skill, and diligence, but that is the extent of their liability. * * * The reasonable and ordinary care, skill and diligence which the law requires of physicians and surgeons is such as physicians and surgeons in the same general neighborhood, in the same general line of practice, ordinarily have and exercise in like cases." There is no rule of responsibility which requires of physicians to be infallible in the diagnosis or treatment of diseases.—*Whitesell v. Hill,* 101 Iowa, 629, 70 N. W. 750, 37 L. R. A. 830, and authorities cited in elaborate notes. The fact, therefore, if it was a fact, that the disease was something other than rheumatism, was evidential merely, not conclusive. The charge under consideration correctly stated the ultimate question to be submitted to the jury for decision. If the plaintiff

apprehended prejudice from lack of further statement, he might have supplied that element by an explanatory charge. There was no reversible error in giving the charge as written.

It is urged that the third charge given on defendant's request should have been refused, because it did not require of the defendant that he should be skillful in his profession. Due care in the treatment of disease requires of course skill, the ability to know and to do what ought to be known and done. But if there is lack of due care in treatment, as respects consequences, it is immaterial whether it results from lack of skill or a failure to exercise it. The charge does no more than assert that there could be no recovery unless the jury were reasonably satisfied that there had been lack of skill in the treatment of plaintiff's son. The charge was rightly given.

Charge 4 required of defendant only that he should have exercised that degree of skill usually employed by physicians. Appellant's criticism of the charge is that it fails to exact of defendant that degree of skill usually employed by physicians of reasonable care and skill under like conditions. By reference to the rule already stated it is to be seen that the charge might have been amplified substantially as suggested without error. The rule makes concession to physicians who have not the learning nor the advantages of observation and experience enjoyed by the most learned and advantageously situated of their professional brethren. The charge, however, applied the standard attained by physicians generally. The qualification contended for would have amounted to a concession to the defendant. There was, under the circumstances, no error of which the appellant can complain.

[City of Birmingham v. Poole.]

For reasons which have already appeared, there was no error in giving charge 5.

Affirmed.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ. concur.