# Robinson *v.* Crotwell.

## *Malpractice.*

(Decided December 21, 1911.   57 South. 23.)

1. *Physician and Surgeon; Civil Liability; Care and Skill Required.*—A physician is civilly liable for injuries caused by a failure to exercise such reasonable care and skill as physicians in the same general neighborhood, and in the same general practice ordinarily exercised in like cases.

2. *Same.*—Although a patient had a temperamental or physical weakness which could not be forseen and which contributed to the failure of an operation performed by a physician sued for malpractice,· the physician was liable if he contributed to plaintiff's injury by a failure to exercise due care and skill or by performing on the patient a serious operation without his knowledge or consent.

3. *Same; Instructions.*—In an action against a physician for malpractice, a charge asserting that no matter how skillful a physician may be, he is responsible for his negligence, if any, merely states the proposition that no degree of skill on the part of the physician will relieve him of the responsibility for the consequences of a tortious failure to exercise such skill, and is not objectionable as holding the physician responsible for his negligence, without limiting the responsibility to the proximate result of such negligence.

4. *Same.*—In an action for malpractice, an instruction that a physician is bound to give his patient the benefit of his best judgment, but is not liable for an error of judgment, is properly refused as failing to require any skill of the physician.

5. *Same.*—Where there was no pretense that the physician had by malpractice induced plaintiff's disease, but, except for the disease, plaintiff would not have suffered the injurious consequences of an operation performed without his consent or without the exercise of due care, a charge asserting that there could be no recovery for the injuries sustained by plaintiff by reason of the disease with which he was afflicted, was properly refused as misleading.

6. *Same.*—In an action for malpractice a charge which places on plaintiff the burden of proving a certain aspect of his case as a condition to recovery while plaintiff's pleading and evidence proceeded on another and entirely different alternative theory which entitled him to a verdict without reference to the aspect of the case dealt with in the instruction, was properly refused.

7. *Same; Evidence.*—Where the action was for malpractice based on the ground that defendant caused a dangerous operation to be performed on plaintiff after assuring him that the operation would be a mere trifle, and would involve no serious consequence, the evidence examined and held not to support a verdict for plaintiff.

[Robinson v. Crotwell.]

8. *Hospitals; Malpractice; Liability.*—A physician owning a hospital is not liable for failure to furnish an adequately equipped place in which a surgeon may operate on a patient with safety; the responsibility for the sufficiency of the equipment resting on the surgeon performing the operation.

9. *Same.*—Where a physician kept a hospital and treated a patient for several years, advising an operation and procuring a skilled surgeon to perform the operation for compensation agreed on to be paid by the patient, and such physician took part in the operation to the extent only of administering the anaesthetic, and advising that the effort to complete the operation be abandoned on account of the patient's ebbing vitality, and there was no suggestion that the physician showed any lack of skill, or committed any error, or that he negligently advised the employment of an incompetent surgeon, such physician was not liable for any default on the part of the surgeon who practiced his profession as an independent agent.

10. *Evidence; Expert; Weight.*—The jury is not, as a matter of law, required to accept the conclusion of an expert witness, but must determine for themselves the weight to be accorded to such testimony and base their verdict on their own judgment of the facts.

11. *Charge of Court; Abstract Instructions.*—Error to reversal cannot be predicated on the giving of merely abstract instructions unless they mislead the jury to the prejudice of the party complaining.

12. *Same; Ignoring Issues.*—A charge directing a verdict for defendant on one aspect of the case, and ignoring plaintiff's contention which found support in the evidence, was properly refused.

13. *Same; Invading Jury's Province.*—An instruction assuming fact contrary to the evidence is properly refused for that reason.

14. *Same.*—An affirmative charge on the whole case is properly refused where the evidence is conflicting, although on the whole evidence, plaintiff's case is so unproven that a verdict for him could not stand.

15. *Same; Burden of Proof.*—A charge asserting that if, after considering all the evidence, the minds of the jury remain in an unsettled state on the issue, the verdict must be for defendant, was not erroneously refused, the word "settled" implying that the mental state to which it is applied has become fixed, permanent and not subject to change.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Action by William T. Crotwell against Thomas F. Robinson for malpractice. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The counts referred to in the complaint as having gone to the jury are as follows:

"(3) The plaintiff claims of the defendant $50,000 damages, for that heretofore, to-wit, in March, 1909, defendant held himself out as a surgeon, and as such undertook for hire and reward to perform a particular operation upon the plaintiff, and by means of the confidence engendered by said operation, and defendant's undertaking to perform said operation, plaintiff subjected himself to defendant's control, and defendant, on the 8th day of March, 1909, wrongfully performed another and different operation upon the plaintiff, without the plaintiff's consent, and as a proximate consequence thereof plaintiff has suffered the injuries and damages as set out in the first count.

"(4) Plaintiff claims of the defendant $50,000 damages, for that heretofore, to-wit, on the 8th day of March, 1909, defendant· wrongfully and without the consent of the plaintiff removed a large part of plaintiff's skull, and as a proximate consequence thereof plaintiff suffered the injuries and damages set out in the first count of the complaint.

"(5) Plaintiff claims of defendant $50,000 damages, for that heretofore, to-wit, on the 8th day of March, 1909, defendant held himself out as a practicing surgeon, and together with another or other physicians or surgeons undertook to diagnose and treat plaintiff surgically for hire and reward; that it then and there became and was the duty of the defendant to exercise due care, skill, and diligence in the diagnosis and treatment of plaintiff, but, notwithstanding said duty, defendant so negligently conducted himself in that regard that as a proximate consequence thereof plaintiff was unskillfully diagnosed or treated, and as a proximate consequence thereof suffered the injuries complained of in the first count."

[Robinson v. Crotwell.]

The following charges were given at the instance of the plaintiff."

"(1) If a physician or surgeon has taken charge of a patient, and undertaken for reward to furnish hospital and apparatus for the operation, it is his duty to exercise proper care and diligence to furnish reasonably prudent and proper facilities, and he may be liable for any failure so to do, even though he is otherwise careful and competent.

"(2) No matter how skillful or careful a physician or surgeon may be, he has no right to perform a dangerous operation upon an adult person of sound mind without his consent, even if the patient has consented to another and different operation."

"(4) Consent to the performance of one kind of operation would not be consent to the performance of another and different operation."

"(6) No matter how skillful a physician or surgeon may be, he is responsible for his negligence, if any."

The following charges were refused to the defendant:

"(4) The court charges the jury that there can be no recovery in this case for any negligence on the part of the defendant that falls short of gross negligence.

"(5) The court charges the jury that, unless they are reasonably satisfied from the evidence in this case that the defendant was guilty of gross negligence in his treatment of or his efforts to cure the disease of plaintiff, or in his diagnosis of the disease of the plaintiff, there can be no recovery."

"(9) The court charges the jury that a physician or surgeon is bound to give his patient the benefit of his best judgment, but is not liable for a mere error of judgment."

"(21) The court charges the jury that there can be no recovery in this case for the injuries sustained by the plaintiff by reason of the disease with which he was afflicted."

"(29) While the responsibility of the medical practitioner and surgeon is great, and care appropriate should be observed, in the exercise of his professional employment, when his errors are of judgment only, if he keeps within recognized and approved methods, he is not liable for their consequences."

"(32) The court charges the jury that the burden of proof is upon the plaintiff in this case to show that there was a want of care, skill, and diligence, and also the burden is on the plaintiff to show that the injury complained of was a proximate result of such want of care, skill and diligence."

"(42) The court charges the jury that a physican or surgeon incurs no liability where the natural temperament or physical weakness of the patient, of which he is ignorant, contributes to bring about an injury which could not be foreseen as a result of the course of treatment.

"(43) The court charges the jury that, if they find from the evidence in this case that the injuries complained of were a proximate result of the plaintiff's physical inability to stand the operation, then I charge you that the verdict should be for the defendant."

"(45) The court charges the jury that if they find from the evidence in this case that the defendant did undertake to perform the operation in question, or to cause the same to be performed, and further find that in carrying out the undertaking he procured the services of Dr. E. M. Robinson, and you further find that Dr. E. M. Robinson was at the time doing an independent business as a physician, not connected with the

defendant, and that he was a regularly licensed and practicing physician and surgeon under the laws of this state, and you should further find that the injuries complained of were the result of some act of omission of the said Dr. E. M. Robinson, then you should find for the defendant."

"(51) The court charges the jury that a surgeon has the legal right to advise such an operation as in his judgment the exigencies of the case demand, and if the patient consents to such an operation the surgeon has the legal right to proceed with such operation, and cannot be held liable for the proper performance of such operation."

"(56) The court charges the jury that the burden is on the plaintiff to reasonably satisfy you from the evidence in this case that he did not give his consent for the very operation in question, and also to reasonably satisfy you from the evidence that he was incapacitated to consent to the operation."

"(59) The court charges the jury that, if a physician is called to treat a patient, it matters not with what disease he is suffering, or the nature of the treatment needed, the physician may treat such patient with such treatment to the best of his ability, and he cannot be held liable for undertaking such treatment and doing it as best he can."

"(44) The court instructs the jury that they are necessarily bound, independent of every other consideration, to adopt the testimony of the physicians and surgeons who have testified in this case, and the text-books introduced in evidence, when they come to determine whether, on the facts in this case, this defendant has treated the case in question in the proper form and by the use of proper appliances."

"(57) I charge you, gentlemen of the jury, that if you find from the evidence in this case that the plaintiff was carried to the hospital for a slight operation and that after he was there the operation performed on him was agreed on between plaintiff and the doctors, then I charge you that there can be no recovery in this case for the proper performance of said operation."

"(38) The court charges the jury that if, after considering all the evidence in this case, they find that their minds are in an unsettled state as to whether the defendant is liable or not, then your verdict should be for the defendant."

JAMES TROTTER, and ESTES, JONES & WELCH, for appellant. The demurrers should have been sustained to the 3rd and 5th counts, as under the facts stated the liability if any existed, rested on the surgeon operating, who acted in an independent capacity.—55 Am. St. Rep. 606; 26 Cyc. 1546-49; 16 A. & E. Enc. of Law, 187; 136 N. Y. 1. On the whole case the affirmative charge should have been given for defendant.—*Hendrick v. Shipp,* 52 South. 932. Dr. Caldwell had qualified as an expert and his testimony should have been admitted.—*Parrish v. The State,* 36 South. 1012. Charge 6 given at the request of plaintiff was erroneous.—30 Cyc. 1575. Charge 9 should have been given for defendant, as should charges 21 and 29.—3 Wharton & Stiles Med. Jur. sec. 501; 37 L. A. A. 834; 30 Cyc. 1578; 22 A. & E. Enc. of Law, 804-811. Charges 38 and 39 should have been given.—2 Mayf. 570. On the same authorities the other charges requested by defendant should have been given.

GEORGE B. ROSS, and BOWMAN, HARSH & BEDDOW, for appellee. Counsel discuss the points made by appellant

and criticise authorities cited by them, but cite no other authority.

SAYRE, J.—For some years plaintiff had been treated by the defendant and other medical men for tic douloureaux, an exceedingly painful disease of the nerve which supplies the face with sensation. In keeping with the general, if not universal experience, medicaments had been of no avail. Defendant, who kept a hospital, advised an operation, and, after consulting with plaintiff, procured his brother, who made a specialty of surgical cases, to perform the operation for a compensation agreed upon. and to be paid by the plaintiff. Doctor E. M. Robinson, defendant's brother, was not interested in the hospital, nor had any business connection with the defendant. The operation was not successful in relieving the suffering caused by plaintiff's specific disease, and, besides, left him with some disgfiurement, and without the protection afforded the brain by the hard plate of his skull over an area of 2½ by 1½ inches. Afterwards plaintiff brought this suit for malpractice, and recovered a verdict and judgment for a good round sum. Defendant appeals.

Counts 1 and 2 were eliminated by judgment on demurrer. The remaining counts, upon which the case went to the jury, proceeded upon two theories: (1) That defendant performed, or caused to be performed, upon plaintiff a serious operation, without his consent; (2) that defendant unskillfully or negligently diagnosed or treated plaintiff's ailment. Defendant's alleged default in each case is averred to have caused grave injury to plaintiff in particulars which are set out. We do not find that the demurrers pointed out any defect in the complaint on which the case was tried.

Many assignments of error are based upon the giving and refusal of instructions and some upon rulings on questions of evidence. These assignments have been examined seriatim, and we are not ready to affirm error of any of them. So far as the exceptions relating to questions of evidence are concerned, the rulings in the trial court are to be justified on grounds which are familiar, and we do not feel that any good is to be accomplished by noticing them at length.

As for the charges, those given at the instance of the plaintiff assert principles of law which seem entirely plain. The appellant criticises those numbered 1, 2, and 4 as stating propositions of law pertinent to hypotheses of fact which had no support in the evidence. We think it will appear from a discussion of the evidence, to which we will come later on, that there was at least a scintilla of evidence to support the plaintiff's case in at least one of its general aspects, as well as those particular features presented by these charges. Even though the facts were otherwise, the charges would be abstract merely, in which case errors could not be predicated of their giving, unless it appeared from the whole record they did in fact mislead the jury to the appellant's prejudice.

Of charge 6 appellant complains, because it holds a physician or surgeon responsible for his negligence; whereas he is responsible only for the proximate result of such negligence. But appellant's argument mistakes the purpose and effect of the charge. It does not deal with the question of the necessary intimacy of the connection between recoverable damages and the cause out of which they arise. It does no more than state the sound general proposition that no degree of skill on the part of a physician or surgeon, no knowledge of his profession or power to perform its duties, will relieve

him of responsibility for the consequences of a negligent and tortious failure to exercise that skill in behalf of his patient.

Charges 4 and 5, refused to the defendant, maintain the proposition that a physician and surgeon is responsible civilly for gross negligence only. Such is the measure of his responsibility in criminal prosecutions, but a civil action may be sustained on proof of a failure to exercise such reasonable care and skill in respect to the duty assumed as physicians and surgeons in the same general neighborhood, in the same general line of practice, ordinarily have and exercise in like cases.—*McDonald v. Harris,* 131 Ala. 359, 31 South. 548; *Shelton v. Hacelip,* 167 Ala. 217, 51 South. 937; *Hamrick v. Shipp,* 169 Ala. 171, 52 South 932; *Carpenter v. Walker,* 170 Ala. 659, 54 South. 61.

Charge 9 exempts medical men from liability for mere errors of judgment, provided they give the patient the benefit of their best judgment. The charge is defective, in that it requires of medical men no skill whatever. There is in it no requirement that the judgment brought by the professional man to the discharge of his duties shall be informed and educated according to the standard of the time and general locality, as the law requires.—2 Jaggard on Torts, 912; cases, supra. The charge in the shape proposed by the defendant was incomplete, misleading, and in consequence properly refused.

Charge 21 was misleading and refused without error. There was no pretense that defendant had by malpractice induced plaintiff's disease. But without the disease plaintiff would not, it may be assumed, have suffered the injurious consequences of an operation performed, as he alleges, without his consent, or without the exercise of due care and skill, so that, in a sense,

plaintiff suffered these consequences by reason of his disease. The disease was the occasional cause of the injury complained of, while, on plaintiff's theory of his case, defendant's malpractice was its efficient cause. If the alleged efficient cause existed, as alleged, plaintiff was entitled to recover. Defendant could not require the court to give in charge to the jury a statement of the law involving such discriminations, unless with a clear statement of them. The only effect of the charge would have been to obscure the issue and confuse the jury.

The considerations upon which we have ruled that the court properly refused to give charge 9 will suffice to justify the court in refusing charges 29, 51, and 59. It may be further said of charge 29 that, while appellant no doubt had in mind the methods of skilled and careful medical men, as furnishing a proper standard by which to judge defendant's treatment of plaintiff's disease, the charge is not so written.

The refusal of charges 31 and 56 may be justified on the ground that they were capable of a construction which would fix upon the plaintiff the burden of proving one certain aspect of his case as a condition to recovery; whereas, in both pleading and evidence, plaintiff was proceeding at the same time upon another and entirely different alternative theory, proof of which would have entitled him to verdict and judgment without reference to that aspect of the case with which the charge attempted to deal.

Charges 42 and 43, when read in connection with the pleading and testimony, have a common fault. If plaintiff had a temperamental or physical weakness which could not be foreseen, and which contributed to the failure of the operation, defendant would be nevertheless liable, if he contributed to plaintiff's injury by

[Robinson v. Crotwell.]

a failure to exercise due care and skill, or by performing upon plaintiff a serious operation without his consent, express or implied. We do not, of course, intend to say that there may not arise grave emergencies in which a surgeon may operate upon his patient without his knowledge and consent. Clearly this was not a case of that character.

Forty-five was properly refused, because it directed a verdict for the defendant on one aspect of the case, ignoring plaintiff's contention, which had support on the face of the evidence, that the defendant caused a serious and unsuccessful operation to be performed upon plaintiff, after assuring the latter that the operation would be superficial in extent and unattended by serious risk.

A number of the questions which arose during the progress of the trial were of such character, were so far apart from the field of general knowledge, and so peculiarly within the scope of professional learning and experience, that the testimony of the expert witnesses was entitled to great consideration by the jury. Still the jury could not be required, as matter of law, to accept the conclusions of such witnesses. They were to determine for themselves, theoretically at least, the weight to be accorded to the expert testimony, and to base their verdict upon their own judgment of the facts.—*McAllister v. State,* 17 Ala. 434, 52 Am. Dec. 180; *Andrews v. Frierson,* 144 Ala. 470, 39 South. 512. Charge 44 was properly refused to the defendant.

Charge 57 assumes that the operation was properly performed, and was well refused for that reason.

By charge 38, the defendant sought to have the jury instructed that if, after consideration of all the evidence, their minds remained in an unsettled state in respect to the question whether the plaintiff was entitled to

recover, their verdict should be for the defendant. It has been frequently decided that the plaintiff carries the burden of proving his case to the reasonable satisfaction of the jury, and that a charge which omits the word "reasonable" in connection with "satisfaction" is erroneous.—*L. & N. R. R. Co. v. Sullivan Timber Co.*, 126 Ala. 95, 27 South. 760. In stating this burden of proof to the jury, there was no occasion for the use of an untried term, which may have produced upon the minds of the jury an unwarranted impression in respect to the weight of the burden placed by law upon the plaintiff. "Settle" is a strong word. It implies that the mental state to which it is applied has become fixed, permanent, and not subject to change. The charge here adopted by the defendant was a doubtful equivalent for that statement of the law on the subject which is familiar to the profession in this state, and we are not disposed to affirm error of its refusal.

An examination of the record discloses such conflict in the evidence on all points as to preclude the affirmative charge upon the whole case. Charges, other than those which have been discussed, amounted to directions to the jury on the theory that plaintiff had introduced no evidence whatever to sustain his case. Under the rule prevailing in this state in respect to the functions of court and jury in the determination of disputed issues of fact, these charges were properly refused, and this, notwithstanding our opinion that upon the whole evidence plaintiff's case was so thoroughly uprooted and overturned that the verdict of the jury should not have been allowed to stand against defendant's motion to set it aside, as against the great weight of the evidence.

In one aspect of his case, plaintiff claimed that defendant caused a dangerous operation to be performed upon him, after assuring him that the operation to be

performed would be a mere trifle, as operations go, and
would involve no serious consequences. As has been
stated, the operation not only failed to relieve plain-
tiff's ailment, but left behind injurious consequences of
its own. If plaintiff's contention in this regard be true,
and it had support in his testimony, defendant's con-
duct would seem to be indefensible. The cases so hold.
—*Mohr v. Williams*, 95 Minn. 261, 104 N. W. 12, 1 L. R.
A. (N. S.) 439, 111 Am. St. Rep. 462, 5 Ann. Cas. 303,
and note. But a careful consideration of the evidence
leaves us with an abiding conviction that the verdict,
if rendered on this aspect of the case, ought not to be
permitted to stand. Defendant was a reputable phy-
sician. He had attended the plaintiff at intervals since
the latter's childhood, and through many months he had
treated him for the specific disease of which it was pro-
posed to relieve him by the operation in question. He
had the plaintiff's confidence. The operation was per-
formed in the presence of three other physicians, nurses,
and three brothers of the plaintiff. It was dangerous,
difficult, and of doubtful result at best. The defendant
and two of the other physicians swear that the plaintiff
was specifically informed of the nature of the operation
which it was proposed to perform. The fourth was
not examined on this point, and we assume that he
knew nothing of the preliminary conferences with the
patient. It is an undisputed circumstance of great and
peculiar weight in this case that nearly a year elapsed
after the operation before plaintiff, or any one for him,
intimated that he had a grievance by bringing this suit
or otherwise, and that in the meantime plaintiff, with-
out a word of complaint or reproach for the great wrong
which he now says had been done him, returned to de-
fendant for treatment, and consulted with him about
having the operateion repeated. Perhaps nothing short

[Robinson v. Crotwell.]

of a repetition of all of it could make clear how great was the weight of the testimony against the plaintiff's contention. The wrong attributed to the defendant was so utterly without motive, so wide a departure from the principles and practices of an honorable profession, the complaint so long delayed, and the general lack of verisimilitude so great, that, without going further into detail, and after indulging that large intendment in favor of the verdict of the jury and the judgment of the trial court which the law demands of this court on appeal, we state our conclusion that, if the verdict in this case is to be referred to that theory of the plaintiff's case now under consideration, it ought to have been set aside on the defendant's motion. It is true that plaintiff did not insist upon this theory of his case without qualification, for he testified, as an alternative, that if he was informed of the character of the operation he was so informed after his faculties had been so benumbed by an opiate, administered by the defendant, that he could not and did not understand or consent. But on this point the evidence was equally as clear, and the considerations referred to make this alternative as unworthy of belief as the other.

But appellee complained in the court below that the defendant had unskillfully or negligently diagnosed or treated his case. Of error in diagnosis there is not a particle of evidence. As for any unskillfulness or negligence which may have characterized the operation and affected its results, assuming, for the argument, that the jury were authorized to find there was such, that operation was not performed by defendant, but by another surgeon, under circumstances which have been stated. That this other surgeon did perform the operation, proceeding upon his own judgment as to what ought to be done and how, is without dispute. The

defendant took part to the extent only of administering the anæsthetic, and advising that the effort to complete the operation be abandoned on account of the patient's ebbing vitality. There is no suggestion that in these things he showed any lack of skill or committed any error. Nor is there any suggestion in pleading or in proof that defendant negligently advised the employment of an unskillful or incompetent surgeon to perform the operation. Under these circumstances, the defendant was not responsible for any default on the part of the operating surgeon, who was practicing his profession as an independent agent.—*Myers v. Holborn,* 58 N. J. Law, 193, 33 Atl. 389, 30 L. R. A. 345, 55 Am. St. Rep. 606. But it is argued, as we read the brief, that defendant contributed to the result of the operating surgeon's alleged negligence by furnishing an inadequately equipped place in which to perform the operation. This, however, leaves the question at issue to depend upon defendant's responsibility for the operating surgeon; for, if the condition of the hospital and its equipment was such as, in itself, to import an element of negligence or unskillfulnes into an operation performed there, the responsibility rested upon the surgeon, whose judgment determined upon and directed the operation. Moreover, the medical men who testified in the case including Dr. Waldrop, upon whose testimony plaintiff's case at last depended, and who had performed operations there, gave their approval to the hospital.

There seems to have been an effort to fasten responsibility upon defendant for some unskillfulness or neglect of Dr. Caldwell. Dr. Caldwell was associated in business with the defendant, and it was open to the jury to find that at a time prior to the operation he had given the plaintiff some unskillful advice about his case, and

14—175

the extent and character of the operation which might be expected to effect a cure. But that was one reason why the defendant, Caldwell, and the operating surgeon were careful afterwards to inform plaintiff of the true nature of the operation. Dr. Caldwell was also present at the operation, and lent some assistance; but there is an entire absence of evidence to show that his advice was followed in any particular, or that he was guilty of any negligence in doing what it fell to him to do.

On consideration of the whole case presented by the record, which contains all the evidence, we conclude that the jury were more moved by sympathy for plaintiff, who had undergone an unsuccessful operation, than by a consideration of the law and the facts upon which the results should have been made to turn. There is no rule of responsibility which requires of the physician or surgeon infallibility in the diagnosis or treatment of disease.—*Hamrick v. Shipp,* 169 Ala. 171, 52 South. 932. In the exercise of its supervisory power over the findings of a jury, the court should proceed with great caution; but it should leave no evident mistake unrighted. The trial judge in this case deferred too much to the jury's finding. The judgment should have been set aside on the defendant's motion.

Reversed and remanded. All the Justices concur, except DOWDELL, C. J., not sitting.