(107 So. 858)
NORWOOD HOSPITAL v. JONES.
(6 Div. 405.)

(Supreme Court of Alabama. March 25, 1926.)

1. Evidence ☞528(2)—Testimony of doctor that burns were liable to cause ulcer held not reversible error in action against hospital for burning baby.

In action against hospital for injury to baby by burning, admission of doctor's testimony that injuries were liable to cause ulcers or cancerous growths *held* not reversible error.

2. Hospitals ☞8—In action against hospital for burning baby by hot water bottle, evidence that attending physician administered anæsthetic in attempting to make skin grafts to burned area held material.

In action against hospital for burning baby by hot water bottle, where new skin was sought to be grafted to burned area, testimony of physician that he gave child anæsthetic while attempting to make skin grafts *held* material to show extent and character of injuries, physical condition, and treatment by attending physician.

3. Hospitals ☞8—In action against hospital for burning baby, doctor's testimony of giving unusual quantity of opiate to relieve pain held error.

In action against hospital for burning baby, admission and refusal to exclude from consideration of jury testimony of doctor, that he was required to give child unusual amount of paregoric as opiate to relieve pain and suffering, *held* error.

4. Evidence ☞357—Letter and statement of expenses from hospital to mother of burned baby held immaterial on question of liability of hospital.

In action against hospital for burning baby, admission of letter to child's mother inclosing a statement for hospital expenses, which it stated would have been due had child not been burned, *held* erroneous as immaterial on question of hospital's liability.

5. Damages ☞208(4)—In action against hospital, evidence of probable effect of burns on physical well-being of child held insufficient to submit future loss of earning power as element of damage.

In action against hospital for burning baby, evidence of doctor that burns would probably have effect on its life and physical well-being *held* insufficient to support submission of prospective loss of earning capacity as element of damage.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Circuit Court, Jefferson County; John Denson, Judge.

Action by Fred S. Jones, Jr., suing by his next friend, Fred S. Jones, against the Norwood Hospital. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Count 3 claims damages for that while plaintiff, a minor, was in defendant hospital as a pay patient, under its care and attention, his hip and thigh were burned by contact with a hot water bottle; the negligence being thus averred:

"Said injuries were proximately caused by the negligence of defendant's servants or agents while acting within the line and scope of their employment in and about caring for and attending to the plaintiff, which negligence consisted in this: Said servants or agents negligently allowed said hot water bottle to come in contact with the plaintiff, or negligently allowed said hot water bottle to remain in contact with plaintiff, all to the damage," etc.

From the evidence it appears that the plaintiff was born at defendant hospital, and that a few hours after his birth received the burn made the basis of the suit.

Plaintiff's witness, Dr. Talley, testified that he treated the injury to the child and attempted to graft new skin to the burned area. He was asked "Did you use an anæsthetic or put the child to sleep to make these skin grafts?" and was permitted over defendant's objection to answer in the affirmative.

Over defendant's objection, this letter written by the defendant president to the mother of plaintiff was admitted in evidence:

"Dear Mrs. Jones: We are inclosing a statement for your hospital expenses for the first two weeks. This amount would have been due if the child had not been burned. We shall appreciate your remittance to cover and the balance can be cared for after the case is settled."

Coleman, Coleman, Spain & Stewart, of Birmingham, for appellant.

Testimony predicated on a liability or possibility of future results cannot be made the basis of recovery for future possible suffering. A. G. S. v. Smith, 96 So. 240, 209 Ala. 301; Terrill v. Walker, 59 So. 775, 5 Ala. App. 541. Where part of oral charge is incorrect, and inconsistent with another part, which is correct, the court cannot determine which part the jury followed. Amer. Sur. Co. v. Pryor, 99 So. 636, 211 Ala. 115; Little Cahaba Co. v. Arnold, 91 So. 586, 206 Ala. 601. It is error for the court to charge as to damage not proved. Arkansas v. Sain, 119 S. W. 659, 90 Ark. 278, 22 L. R. A. (N. S.) 910; Alexander v. Smith, 61 So. 68, 180 Ala. 541.

T. A. Murphree, of Birmingham, for appellee.

The evidence called for by the question to the physician as to the liability of scars and injuries from burns to produce ulcers or cancerous growths was relevant. Feore v. Trammel, 102 So. 529, 212 Ala. 325; A. G. S. R. Co. v. Hill, 9 So. 722, 93 Ala. 514, 30 Am. St. Rep. 65; Barfield v. So. Highland Infirmary, 68 So. 30, 191 Ala. 553, Ann. Cas. 1916C, 1097; Robinson v. Crotwell, 57 So. 23, 175 Ala. 194. Defendant had full opportunity of cross-examination, and error, if any, was harmless. Nashville Co. v. Ala. Co., 100 So. 132, 211 Ala. 192; Barkley v. Boyd, 99 So. 196, 211 Ala. 50. That an anæsthetic was administered was relevant. Ala. Power Co. v. Goodwin, 106 So. 239, ante, p. 15; Robinson v. Crotwell, supra. The letter offered in evidence by plaintiff was relevant. Moore v. Whitmire, 66 So. 601, 189 Ala. 615; Ala. Power Co. v. Fergusen, 87 So. 796, 205 Ala. 204. Evidence by an expert as to the future effect of the burn upon the child was properly admitted. Sloss Co. v. Bearden, 80 So. 42, 202 Ala. 220. There was no error in the court's oral charge. Little Cahaba Co. v. Arnold, 91 So. 586, 206 Ala. 598; Ala. F. & I. Co. v. Ward, 69 So. 621, 194 Ala. 242; Birmingham Inf. v. Coe, 91 So. 604, 206 Ala. 687.

THOMAS, J. The case was tried on count 3 and the general issue. The appeal is taken from judgment on verdict for plaintiff, and errors assigned on rulings on the trial and on the judgment overruling motion for a new trial.

[1] In the examination of Dr. Ussery for the plaintiff, against defendant's objection that it called for a speculative answer, was permitted the question:

"Doctor, I will ask you if it is not a fact that scars and injuries from burns are not liable to produce ulcers or cancerous growths?"

To which the witness answered:

"Scarred tissue does not have so much circulation. Scarred tissue does not have as much circulation, as much nutrition to the pound, as other parts of the body not scarred, and therefore is more liable to make ulcers, and in a good many cases cancers have developed in the seats of the scars; and I answer that question in the affirmative."

Thereupon the witness was asked:

"What are the characteristics of the condition, physical condition, of scars of this kind in the course of time after one receives one?"

And answered:

"Chronic ulcers and probably cancer, about characteristics of them, that is the same—a contraction and drawing of the limbs, interference of circulation and nutrition producing atrophy, depending on the location. Of course, that will produce a more or less broken balance of the body, also may draw one hip up and the other one go down."

Objection having been interposed, overruled, and exception reserved, defendant, respectively, moved to exclude these separate

questions and answers, and excepted to said rulings of the court. In Feore v. Trammel, 102 So. 529, 212 Ala. 325, the predicate was held sufficient for the question to Dr. Wright, "Is it possible for a severe concussion of the brain to affect the sense of smell and taste?" and for the affirmative answer. The observation was made that "the injury and the effect had been shown; the cause was for a medical expert," and the inferences were to be drawn by the jury. The case of Ala. G. S. R. Co. v. Hill, 9 So. 722, 93 Ala. 514, 30 Am. St. Rep. 65, was where it had been shown that her physical organs had theretofore discharged their functions naturally and regularly, the manner of her injury, that thereafter her menstruations had been irregular ever since she was hurt. It was under such conditions that the doctor was permitted to testify that plaintiff's injuries were of such character as that child-bearing would be thereby rendered perilous to life. The case of Robinson v. Crotwell, 57 So. 23, 27, 175 Ala. 194, 205, contains the observation that—

"A number of the questions which arose during the progress of the trial were of such character, were so far apart from the field of general knowledge, and so peculiarly within the scope of professional learning and experience, that the testimony of the expert witnesses was entitled to great consideration by the jury. Still the jury could not be required, as matter of law, to accept the conclusions of such witnesses. They were to determine for themselves, theoretically at least, the weight to be accorded to the expert testimony, and to base their verdict upon their own judgment of the facts."

And in Barfield v. South Highlands Infirmary, 68 So. 30, 191 Ala. 553, Ann. Cas. 1916C, 1097, it was held:

"It was not error to permit experts, in an action for malpractice, to answer questions as to whether there was any way known to the medical profession by which a blood clot, 'in cases of this sort,' could be prevented, the theory thus presented being that such testimony transcended the limits of all possible human attainment."

The foregoing will illustrate the extent and limitation of the testimony of medical experts.

What, then, of the use of the words in question, "are liable to produce ulcers or cancerous growths," and the answer, "therefore is more liable to make ulcers and in a good many cases cancers have developed in the seats of scars," preceding the other question and answer set forth showing that the probability of effect was being declared? In the case of Ala. G. S. R. Co. v. Smith, 96 So. 239, 209 Ala. 301, 303, this court was dealing with the word "liable" in a plea. To like effect is Terrill v. Walker, 59 So. 775, 5 Ala. App. 535. There is a difference in ruling on a plea and the expression of an opinion by an expert as a witness. There is also a difference in the instruction of the court where the context of the word "liable" is important. Green v. Catawba Power Co., 55 S. E. 125, 75 S. C. 102, 9 Ann. Cas. 1050. The testimony of the expert as contained in the answers to those questions set out is not conclusive, but merely offered as the basis of a reasonable inference that the jury might draw after its consideration with the other evidence, weighed and tested by the common observation and experience. The jury were instructed so to weigh and consider the opinions the experts gave. The doctor was entitled to give his opinion, having just examined the child, and his injuries had been viewed by the jury. We will not reverse for the admission of foregoing evidence illustrated and made relevant by the subsequent question and answer. The opposite party had full opportunity of a cross-examination. Nashville Broom & Supply Co. v. Ala. Broom & Mattress Co., 100 So. 132, 211 Ala. 192, 194.

[2-4] It was material to the inquiry that the physician "used an anæsthetic" or put the child to sleep in attempting to make the skin grafts; it tended to show the extent and character of the injuries sustained, physical condition, and treatment by the attending physician. Ala. Power Co. v. Goodwin (Ala. Sup.) 106 So. 239.[1] The doctor having stated that he instructed the nurses to give him paregoric to relieve pain and crying of the infant on account of the burn, was asked:

"Then I asked him if three or four doses of paregoric a day was not quite a quantity of paregoric to give a child; in other words, 'that would keep a child,—it would have the effect of an opiate, would it not, Doctor, to a certain extent?"

And answered:

"Well, it is unusual amount of opiate to have to give a child."

The objection and motion to exclude answer being overruled, exceptions were reserved. In these rulings there was error. The letter and statement of the hospital sent to Mrs. Jones was immaterial to the inquiry of liability vel non for injuries to the child and in a suit by the latter.

[5] The question and answer of Dr. Ussery: "Doctor, in your opinion, will that burn or the conditions produced by the burn have any future material effect on the child's life or physical well-being?" "It is possible, yes, and I think probably will"—are insufficient facts upon which to base recoverable damages for the future loss of earning power. Such damages were under this evidence speculative—merely a probable effect on his life and physical well-being. The portion of the oral charge challenged by the exception was:

[1] Ante, p. 15.

"In estimating such damages, the jury may consider any physical and mental pain suffered by the plaintiff. We have no yardstick by which we can measure such damages as that; that is a matter which is left to the sound discretion of the jury as common-sense men.

"You may also consider any impairment of his earning capacity, also the nature, character, and extent of the alleged injury, the amount of suffering, if any, and the probable duration of the alleged injury."

There was error in submitting to the jury "any impairment of" plaintiff infant's "earning capacity" when he had reached his majority and occasioned by the injury inflicted at his birth. In the absence of evidence tending to show loss of earning power because of a personal injury, the instruction should not mention such a loss as a proper element of damages. The exception to this part of the oral charge was duly reserved. Arkansas & L. Ry. Co. v. Sain, 119 S. W. 659, 90 Ark. 278, 22 L. R. A. (N. S.) 911.

The case should be retried, and it is unnecessary to extend the discussion to the charges.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.