I must respectfully dissent on two grounds. First, there is not a scintilla of evidence supporting the allegation of wantonness. Second, the damages issue concerns loss of earnings, not loss of earning capacity.
There is nothing in the evidence tending to show that the defendant was guilty of wanton conduct. The evidence in dispute is over whether the defendant looked in the direction of the oncoming plaintiff or not. This was enough to submit the issue of negligence to the jury, but this could not support a finding of wantonness. "Before a party can be said to be guilty of wanton conduct it must be shown that with reckless indifference to the consequences he consciously and intentionally did some wrongful act or omitted some known duty which produced the result." Roberts v. Brown, 384 So.2d 1047, 1048 (Ala. 1980) (emphasis added). I cannot see how a failure to look in the direction of an oncoming motorcycle can amount to a conscious and intentional omission so as to be wanton conduct. In fact, this Court has held that where a woman failed to look in her rear-view mirror, veered her car to the left and then turned it to the right without giving the proper signals and thereby turned into the path of a motorcycle following her and caused a collision, she could not be found guilty of wantonness, because she had not been shown to have had knowledge of the presence of the motorcycle. Graves v. Wildsmith, 278 Ala. 228,177 So.2d 448 (1965). In the present case, the trial court should have directed a verdict for defendant on the claim of wantonness.
As to the issue of measuring damages, the majority discussesloss of earning capacity, when the issue in question is loss ofearnings and the trial court never gave the jury instructions for the awarding of damages for loss of earning capacity. The trial court instructed the jury on how to measure loss of earnings. The defendant contends that there can be no award for loss of earnings when the plaintiff was unemployed at the time of the accident, and the plaintiff contends that there can be such an award because at the time the accident occurred he was anticipating employment.
There was no evidence presented as to the plaintiff's loss of earning capacity. There was no evidence concerning plaintiff's future earning capacity, nor was there any evidence showing that the plaintiff even had a permanent injury. Plaintiff's doctor testified only that permanent impairment was a possibility. What this Court recently set forth in CarnivalCruise Lines, Inc. v. Snoddy, 457 So.2d 379 (Ala. 1984), is appropriate in this case: *Page 489 
 "It is this element of individual variation that precludes the universal inference of diminished earning capacity merely from evidence of physical disability, and nothing more. A jury, left to flounder without some evidence of a causal connection between the physical impairment and the reduced earning capacity, and without an evidentiary predicate upon which to assess the actual degree of impairment in earning capacity, engages in pure speculation and conjecture. Unlike an assessment of damages for pain and suffering or mental anguish, the correlation of physical disability with impaired earning capacity cannot be said, in every case, to fall within the purview of the average person's common understanding and experience. Except in extreme and obvious cases, some direct evidence of the existence and extent of impaired earning capacity is necessary as the foundation upon which the jury may make an informed assessment of damages. See Norwood Hospital v. Jones, 214 Ala. 314, 107 So. 858
(1926); United States Cast Iron Pipe and Foundry Co. v. Eastham, 237 F. 185 (5th Cir. 1916) (applying Alabama law); Alabama Pattern Jury Instructions: Civil, Damages §§ 11.10, 11.11.
". . .
 "A rule that would permit the inference of diminished earning capacity from the fact of permanent injury alone is far too narrow, for surely `a person may suffer some permanent injury which would not permanently affect his earning capacity.' Birmingham Electric Co. v. Cleveland, supra, 216 Ala. at 459, 113 So. at 405. For a case not permitting the jury to consider loss of earning capacity as an element of damages, based merely on the nature and extent of the injury, see Norwood Hospital v. Jones, supra, 214 Ala. at 316, 107 So. at 860."
457 So.2d at 382-83. The plaintiff's testimony that he used to make about $500.00 a week provided no means for the jury to correlate the physical disability with impaired earning capacity. Without any evidence as to the plaintiff's degree of impairment or life expectancy, any award for loss of earning capacity would be based on pure speculation.
The majority opinion never touches the issue of loss of earnings; instead, the majority upholds the jury's award on grounds that the jury was never instructed on. This Court needs to address the issue of loss of earnings in determining whether there was any evidence supporting the jury's award.