### MOORE versus LEFTWITCH.

Where one in a suit at law, offers in evidence, as a whole, the record and proceedings of a chancery cause, between the same parties to the suit.—consisting in part of his own answer, and the depositions of witnesses, such record is not admissible as testimony.

In error from Lauderdale Circuit Court.

This was an action of assumpsit, and was founded on an agreement in writing. The jury found for the defendant, and the only point of revision here insisted on, is whether the court below erred in rejecting, as testimony, the record and proceedings of a chancery suit, previously decided, between the same parties. The record was produced under the general issue, and was offered as a whole, without separating the *decree* from the answer or proofs.

TAYLOR, J.—This action was brought by the Leftwichs' against Moore, on an agreement in writing, entered into between the parties, by which Moore leased to the Leftwichs', for one year, certain saltworks, and agreed that he would furnish for the use of said works a sufficient quantity of water metal, for the use of the furnace, &c.; for which the Leftwichs' agreed to pay one hundred dollars per month, one half at the end of three months from the date of the lease, and the remainder at the end of the term. Several breaches, on the part of the lessee, are averred in the declaration, the general issue pleaded, and a verdict was rendered against the defendant below for three hundred and fifty dollars.

On the trial, exceptions were taken to the opinion of the Court; and the only point now insisted on by

the plaintiffs in error, is, that the Court erred in not permitting " the defendant below, to read in evidence the record and proceedings of the same Court, in a case previously decided on the chancery side of the Court, wherein said Littlebury Leftwich was complainant, and said Samuel Moore, and one Richard Bandy, defendants."

A copy of the record and proceedings which were rejected, is inserted in the bill of exceptions; and it appears that Bandy, as assignee of Moore, had instituted a suit at law, and recovered a judgment in the same Court, against Littlebury Leftwich, for the amount of rent specified in the agreement. That after the recovery of the judgment, Littlebury Leftwich had filed a bill against Moore and Bandy, without making Joel Leftwich his co-partner, a party, in which bill he alleged the same breaches of the contract by Moore, which are averred in the declaration in the case under consideration ; that Moore was a non-resident and insolvent ; and prayed and obtained an injunction, staying further proceedings on the judgment recovered by Bandy against him. On final hearing upon the bill, answers and proof, the injunction was dissolved, and the bill dismissed. In the decree dismissing the bill, the chancellor expressed the opinion, that it contained no equity, and that if it did, the complainant's proof was insufficient to authorise a recovery—the defendants, in their answers having denied all the material allegations of the bill. It is contended for the defendants in error, that " the record and proceedings" in the chancery suit were correctly rejected—that for several reasons they were not competent testimony. I deem it necessary to examine only one of them, as on this ground

the Court are unanimously of opinion they were properly excluded : that is, that even if it be admitted the *decree* was competent testimony, many other parts of the record and proceedings which were offered, were not.

I shall not examine the question whether the decree, if offered alone, or in connexion with only such parts of the record as were necessary to explain it, would have been competent, but whether the Circuit Court erred in the decision which it made.

The rule is clearly established, that to make a judgment or decree conclusive evidence, it must be pleaded as an estoppel ; when introduced under the general issue, it may be rebutted, because it is only persuasive evidence. It is important then, when offered under the general issue, that nothing should accompany it which is incompetent, and which would probably have an influence upon the mind of the jury in increasing the effect which the evidence that is competent would have upon them.

In this case the plea was the general issue, the decree in chancery, if admissible, could only be received as *prima facie* evidence. The record and proceeding offered by the defendant below, and rejected by the Court, included the defendant's answer and the depositions of sundry witnesses. These depositions were not competent testimony in this suit. In a Court of law the witnesses, if living within the jurisdiction of the Court, must be examined in open Court to enable the opposite party to cross examine in the presence of the jury. This right the Court had no power to deprive the opposite party of. Still stronger are the objections to the answer. By reading it to the jury Moore would have been made a

witness for himself, a witness too who could not have been cross examined when his testimony was given, as his answer is altogether his own act. It is evident therefore, that in offering to read the record and proceedings, in the chancery suit to the jury, the defendant's counsel offered much incompetent testimony, and it was not the duty of the Court to separate the good from the bad, and say to the party *this* part is legal evidence, but *that* is not. It might have done so, but it was the duty of the counsel to see that he included nothing illegal in that which he offered as one piece of testimony.

In the case of *Elliott et al.* v. *Peirsol, et al.*[a] this doctrine is clearly sustained. In that case the Court say: " It is conceded that the defendant's counsel had a right to move the Court below, to exclude any part of the plaintiff's evidence, which he might choose to designate as incompetent; but it is not admitted that he exercised that right. It does not appear from the bill of exceptions that he designated a piece or part of the evidence as objectionable, and moved the Court to exclude it: but on the contrary, resting his case upon the assumption, that the whole evidence of the plaintiff, taken together, was either incompetent, or insufficient, he moved the Court either to exclude the whole or to instruct the jury that the whole was insufficient to prove title in the lessors of the plaintiff. This could not be done on the ground of incompetency, unless the whole is incompetent, which is not pretended. The Court was not bound to do more than respond to the motion in the terms in which it was made."

So in this case, the counsel of Moore offered the

[a] 1 Peters. 328.

record and proceedings in a suit, as one piece of testimony. Admitting the decree in that suit to have been competent, a great part of the record and proceedings certainly was incompetent. The Court acted on it as it was offered, and rejected it. In doing so, no error was committed: the competent part might afterwards have been offered by the counsel, and if rejected, the remedy would have been afforded here.

The judgment must be affirmed.