(114 So. 470)

**BOSWELL v. LAND.** (2 Div. 904.)

Supreme Court of Alabama. Nov. 10, 1927.

1. Evidence ☞183(3)—Evidence that mortgagee's title papers were lost held sufficient to justify admitting records of probate office, where papers were recorded.

In action between mortgagees, evidence that plaintiff's title papers were lost held sufficient to justify admitting records of the office of the judge of probate, where the title papers had been recorded.

2. Appeal and error ☞1050(2)—In action between mortgagees, admitting testimony of amount of mortgagor's indebtedness to plaintiff, if immaterial, held harmless.

In action between mortgagees, where defendant's later mortgage had been recorded first, admitting testimony of amount of mortgagor's indebtedness to plaintiff held harmless, whether or not this testimony was necessary to plaintiff's case.

3. Mortgages ☞143—In action between mortgagees, tenant's testimony of possession for plaintiff held admissible to contradict defendant's testimony of adverse possession.

In action between mortgagees, where defendant's later mortgage had been recorded first, tenant's testimony that he had held possession for plaintiff for two or three years at a time, five or six years before trial, held admissible to contradict defendant's testimony of adverse possession for the statutory period.

4. Appeal and error ☞699(4), 1079—Where bill of exceptions did not show by whom requested charge was complained of, and brief merely reiterated assignment of error, error was presented.

Where bill of exceptions did not affirmatively disclose by whom the charge complained of was requested, and brief merely reiterated the assignment of error with emphasis without further argument, no error was presented.

5. New trial ☞49—Refusal to grant new trial because plaintiff talked with juror without knowing he was juror held no error, where conversation did not concern case.

Refusal to grant new trial because plaintiff talked with juror pending the verdict held no error, in view of uncontradicted evidence that plaintiff did not know person with whom he talked was a juror, and that the conversation did not concern the case.

Appeal from Circuit Court, Choctaw County; T. J. Bedsole, Judge.

Ejectment by Robert Land against D. M. Boswell. From a judgment for plaintiff, defendant appeals. Affirmed.

Thos. F. Seale, of Livingston, for appellant.

In order to admit the record of a deed in evidence, it must be shown that the original is lost and that the party offering the transcript had not the custody or control of the original. McBride v. Lowe, 175 Ala. 408, 57 So. 832; Hammond v. Blue, 132 Ala. 337, 31 So. 357; Jones v. Hagler, 95 Ala. 529, 10 So. 345; Farrow v. N. C. & St. L., 109 Ala. 448, 20 So. 303; King v. Scheuer, 105 Ala. 558, 16 So. 923. In ejectment, in the absence of statute, the parties to the suit cannot go behind a mortgage through which title is claimed and attack the consideration, and section 3851 of the Code of 1907 is not applicable to a mortgage which has been foreclosed. Ramsey v. Sibert, 192 Ala. 176, 68 So. 349. Adverse possession having been once taken, it will be presumed to continue in the absence of proof to the contrary. Hollingsworth v. Walker, 98 Ala. 543, 13 So. 6. Where a juror, while the jury was temporarily discharged, talked with the plaintiff, such conduct of the jury should disqualify him. Ex parte Ala. F. & I. Co., 212 Ala. 1, 101 So. 642; New York L. I. Co. v. Turner, 210 Ala. 197, 97 So. 687; Craig v. Pierson Lbr. Co., 169 Ala. 548, 53 So. 803.

───────────

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Gray & Dansby, of Butler, for appellee.

Secondary evidence can be introduced when it appears to the court the original has been lost. Code 1923, § 6861; Code 1907, § 3374; Wise v. Spears, 172 Ala. 8, 55 So. 114; McBride v. Lowe, 175 Ala. 408, 57 So. 833. Where there is evidence throwing suspicion upon the bona fides of the transaction, the consideration expressed in the conveyance may be inquired into. Roney v. Moss, 74 Ala. 390; Shelby Iron Co. v. Ridley, 135 Ala. 513, 33 So. 331; 45 C. J. 390. There was no proof of adverse possession by defendant for 10 years, except by his statement, which was not sufficient, and which was contradicted by the evidence. Russell v. Irwin, 38 Ala. 44; Beasley v. Howell, 117 Ala. 499, 22 So. 989; Lawrence v. Alabama State Land Co., 144 Ala. 524, 41 So. 612; McBride v. Lowe, supra. If it did not appear that the plaintiff and the juror were discussing the case, it would not be ground for new trial. L. & N. v. Holland, 173 Ala. 675, 55 So. 1001.

SAYRE, J. Action of statutory ejectment by appellee. Both parties claimed through mortgages executed by a common mortgagor. Appellee's mortgage antedated appellant's; appellant's mortgage was first on the record; evidence for appellee went to show that appellant, when taking his mortgage, had actual notice of appellee's; but, as to that, the evidence was in conflict. Both mortgages had been foreclosed.

[1] Appellee showed that on a former trial of this cause his muniments of title had been left with the clerk of the court. The clerk's file showed a receipt for the papers by appellee's attorney, and the evidence otherwise showed without dispute that they had been delivered by the clerk to the attorney. The attorney, testifying, said that he had diligently searched in every place where the papers were likely to be found and where he thought they might possibly be, but had been unable to find them. The clerk testified that the papers had not been returned to him and that he had made no search of his office for them. We are inclined to the view that the proof was sufficient to justify the trial judge in admitting the records of the office of the judge of probate where these papers had been recorded. Jernigan v. State, 81 Ala. 58, 1 So. 72; Jones on Ev. (2d Ed.) § 213.

[2] Numerous assignments of error, based upon rulings of the court touching the testimony of appellee with reference to the amount of the mortgagor's indebtedness to him under his mortgage and the expenses incurred in its foreclosure, are argued in solido. The mortgage provided security for then future advances to be made by appellee to the mortgagor and for the expenses of foreclosure, in the event of mortgagor's failure to pay at maturity. The mortgage had been foreclosed, as aforestated; there was no plea of previous payment; and this testimony may not have been required by duty or the necessity of appellee's case (Jackson v. Tribble, 156 Ala. 482, 47 So. 310; Ramsey v. Sibert, 192 Ala. 176, 68 So. 349), but it is not perceived that the rulings in question involved any hurt to appellant's case.

Nor was there reversible error in allowing questions by appellee to mortgagor as to why he went to appellant's place of business on the occasion of his execution of the mortgage to appellant, or how it was that appellant's mortgage on 160 acres of land covered the 120 acres included in appellee's mortgage. There is no argument of these questions separately or as a class; but we are willing to say that the answers to these questions were not improperly admitted as tending in some sort to refute the imputation, implied by appellant's examination, that a fraud of some character had been practiced upon him. Appellee's contention that appellant was fully informed that appellee had a prior mortgage on 120 acres of the land had support in the testimony of several witnesses, and, clearly enough, it was for the jury to settle that controversy between the parties.

[3] Plaintiff's witness Broadhead was properly allowed to say that he had held possession of the land in suit, or at least a part of it, as plaintiff's tenant for two or three years at a time five or six years before the trial. This, very clearly, tended to contradict appellant's testimony to the effect that he had been in the adverse possession of the property for the statutory period.

[4] There is some confusion in reference to the giving of "written charge No. 5 complained of in assignment of error No. 49," nor does the bill of exceptions affirmatively disclose by whom the charge was requested, whether by appellant or appellee. Nor, further, can it be said that this assignment of error is argued. The brief merely reiterates the assignment with emphasis. For these and other sufficient reasons we have found no error in the rulings of the court in respect to the matter of the charge shown by the bill of exceptions.

[5] If it be conceded that the matter of the motion for a new trial was properly brought to the attention of the court, we find in it no sufficient reason for a reversal. Appellant complained that, pending the verdict, one of the jurors was seen in conversation with appellee. Appellant made no effort to show what may have been the subject of the conversation, while appellee's affidavit was that he had met the juror, not knowing at the time that he had been selected as one of the jury—that matter having been left to his attorney—and had spoken to him, but nothing concerning the case had passed between them. In this he had the full corroboration of the juror. It is impossible to predicate error of the court's action in overruling the motion.

There is no reversible error shown by the record.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.