(130 So. 203)

## HESTER v. FORD.

8 Div. 192.

Supreme Court of Alabama.

Oct. 9, 1930.

594

H. D. Jones, of Russellville, for appellant.

Stokely, Scrivner, Dominick & Smith, of Birmingham, and J. Foy Guin, of Russellville, for appellee.

BOULDIN, J.

Plaintiff, W. O. Hester, on jumping from a runaway wagon, received what is known in surgery as a Pott's fracture at and near the ankle joint.

The defendant, Dr. L. H. Ford, is sued for negligent or unskillful treatment of the injury, to plaintiff's damage.

Count 2 charges that "defendant negligently failed to use in and about the said *diagnosis and treatment of* plaintiff's injury reasonable care," "skill," or "diligence." (Italics supplied.)

Count 4 charges "defendant failed to use in and about said *diagnosis* of plaintiff's ankle" such "care," "skill," or "diligence" "as was reasonably necessary to ascertain the character of the injury." (Italics supplied.)

Plea No. 2, styled a plea of contributory negligence, set up a refusal of the patient to submit to the use of an anæsthetic for the better examination and treatment of the injury.

Considerable argument is addressed to alleged error in overruling a demurrer to this plea. The record discloses no such ruling.

The judgment entry shows demurrer sustained to plea No. 2, an amended plea No. 2 interposed, and demurrer thereto overruled. This amended plea does not appear in the record. The substance and effect of same appears only in the oral charge of the court. The ruling on demurrer thereto cannot be reviewed.

It appears Dr. Ford was called to treat the injury at a point some miles out of Russellville. No X-ray being available and Mr. Hester preferring not to take an anæsthetic, if not refusing so to do, morphine was administered, and the doctor proceeded to examine the injury with the aid of sight and touch. He discovered a fracture of the tibia at the joint, reset the same, adjusted the dislocation, and applied splints. Several weeks later, after Mr. Hester was out, it was discovered by the aid of the X-ray that the fibula was fractured some two or more inches above the joint, and the parts had overlapped. A secondary operation was recommended, which plaintiff had performed in Memphis, Tenn., with helpful results.

The evidence made a jury question on amended plea 2 as outlined in the charge of the court. Whether the anæsthetic would have so relaxed the swollen muscles that the additional fracture would have been found, whether the doctor, under the conditions, was negligent in proceeding as he did, and whether in view of apparent results he was negligent in not following up with an X-ray at an earlier date, were all jury questions.

The testimony of Mr. Hester touching a statement by Dr. Ford, viz. "He asked me what it would take to satisfy me," was properly excluded. It imports no more than an implied offer of settlement by way of compromise, and is privileged under the law. Hughes v. Daniel, 187 Ala. 41, 65 So. 518.

The question, "Did he admit it was his fault?" was disallowed without error as leading. It should have called for what the doctor said, not the witness' version of its effect.

The question, "Will you take off the other shoe in order that the jury may see what a normal foot is like?" assumes one foot was normal and the other abnormal. It does not appear that an inspection of the other foot would have shed any light on the issues.

There was no issue as to fault of Mr. Hester in failing to have an X-ray without direction of his physician. The question to Dr. Gresham, "Isn't it a fact that the patient submits himself to the doctor and waits for the doctor to tell him what to do, as to whether he would use an X-ray?" was disallowed without error. It called for no expert opinion, but merely the usual and proper course of the patient, a matter of common knowledge.

Dr. Jackson, an expert, advised of the conditions under which the treatment was given and of the results obtained, was competent to give his opinion that "under the conditions the result was fair, * * * as good as could reasonably be expected." Opinion evidence of this sort is not excluded because a conclusion from complicated facts in evidence.

It is admitted in brief that no issue was raised by the complaint as to lack of qualification or skill on the part of Dr. Ford.

Rulings on evidence and refused instructions on this line need not, therefore, be considered.

Given charges for defendant here complained of as misleading merely need not be considered.

Both counts of the complaint on which the trial was had rely upon negligent diagnosis as a basis of the cause of action. Defendant's charge No. 11 was therefore given without error.

By given charge 23, liability is made to rest upon negligent "treatment." In common parlance and often in the law, "treatment" is the broad term covering all the steps taken to effect a cure of the injury or disease; it includes examination and diagnosis as well as application of remedies. Hamrick v. Shipp, 169 Ala. 171, 52 So. 932; Robinson v. State, 212 Ala. 459, 102 So. 693.

The complaint here, however, speaks of "diagnosis" and "treatment" as distinct. "Treatment" is used in a more limited sense. We would not say a party in drawing charges must conform to the terms employed in pleading as matter of law. They may become misleading in a given cause, and call for an explanatory charge. But the giving of charge 23 is to be justified on broader grounds. While both counts charge negligence in "diagnosis" as a proximate cause of injury, the only causal connection between such negligence, if any, and the injury, was because of the improper treatment or failure to apply the right treatment resulting from bad diagnosis. Neither bad diagnosis nor want of diagnosis alone was sufficient. If the proper remedy was applied, no injury would result, no matter what the diagnosis. If the proper treatment was not applied, either because of negligence in diagnosis, or other want of ordinary care, skill, or diligence, such treatment would be negligent, using treatment in the limited sense of the complaint.

Negligence in "treatment," either in the inclusive or limited sense, was essential to recovery.

Charge 29 uses the word "careless" in lieu of "negligent." "Careless," wanting in care, is often used in the same sense as "negligent." 1 Words and Phrases, First Series, p. 973.

Such charges may well be refused. The more appropriate and exact terms of the law applicable to the particular case should be employed. "The reasonable and ordinary care, skill and diligence which the law requires of physicians and surgeons is such as physicians and surgeons in the same general neighborhood, in the same general line of practice, ordinarily have and exercise in like cases" is the wording of the rule approved and followed in this state. Hamrick v. Shipp, 169 Ala. 171, 52 So. 932, 934. This rule in substance and effect was given in other instructions.

The misleading tendencies, if any, of charge 29 and others above discussed, should have been corrected by explanatory charge. Plaintiff cannot complain that charge 32 enlarged the scope of liability to include an additional alternative, viz. want of skill.

We are not deciding whether such issue was within the complaint, but treating the case on that point as declared in briefs of both parties.

We find no error to reverse in any of the assignments of error insisted upon.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.