42 So.2d 532

## LEVERT v. STATE.

### 6 Div. 810.

Supreme Court of Alabama.

March 31, 1949.

Rehearing Denied May 26, 1949.

A. A. Carmichael, Atty. Gen., and Thos. F. Parker, Asst. Atty. Gen., for the petition.

Lipscomb & Brobston, of Bessemer, and D. G. Ewing, of Birmingham, opposed.

FOSTER, Justice.

The appellant in this case was convicted of manslaughter in the first degree for the killing of her husband by stabbing him in the neck with a pocket knife. There seems to have been no eyewitness to the event. The defendant admitted the killing in a confession and as a witness for herself, but claimed self-defense, and her evidence tended to establish that defense.

The State introduced Frank Cornelius as a witness, who testified that a short time before the stabbing he was a visitor at the house of defendant and her husband, and about five minutes after he left the house he heard some words, and saw defendant lead her husband out of the back door and place him on a porch of a nearby house, where he died. She at first accused Cornelius of doing it, but the next morning admitted that she did it. Cornelius testified that defendant and deceased were embroiled in argument while he was there, and threats were mutually passed.

The State was permitted to show by the witness that he and defendant each drank whiskey while he was there, and offered to prove that he bought the whiskey which he drank from defendant. There were several questions which sought to elicit such testimony. To all of which the court sustained objection. When defendant was testifying as a witness on cross examination, she was asked by the solicitor if she sold whiskey down there, and she answered "no". There was no ruling in that connection. The solicitor in the argument referred to Cornelius (Screwworm) as being "out there buying whiskey, as usual." On objection, the court excluded the argument and instructed the jury not to consider it.

The defendant made a motion for a new trial, which was denied.

The Court of Appeals first held that there was no error, and observed: "In view of the court's rulings and instructions to the jury in connection with Cornelius' testimony, and the abundance of evidence tending to justify the verdict of guilty rendered in this case, we are unwilling to say that the jury disregarded the court's instructions and that the verdict resulted from passion and prejudice engendered during Cornelius' examination."

On application for a rehearing that court, on careful consideration, changed its ruling by stating:

"In the face of the court's action in sustaining the objection to the questions pertaining to the sale of whiskey by the appellant the solicitor's reference in his closing argument to such sales cannot be regarded lightly. The court did sustain the appellant's objection to such line of argument, and instructed the jury rather perfunctorily to disregard same.

"We of course cannot with certainty measure the substantive injury to appellant's cause by the above occurrences. We are certain however that the *possibility of substantial injury is real*. This being so justice demands that this case be submitted to another jury free of these extraneous influences." (Italics ours.)

The proposed evidence that Cornelius bought the whiskey from defendant was evidently a part of the occurrence in which deceased was killed. Of course the fact of her drinking whiskey with the witness then and there, only a few minutes

310

before the killing, when she was quarreling with deceased, was admissible. The general rule is that all the acts, words, signs and declarations of defendant indicating hostility to deceased immediately preceding the encounter, Blair v. State, 211 Ala. 53, 99 So. 314, if relevant, are admissible in evidence as part of the res gestae 22 Corpus Juris Secundum, Criminal Law, § 668, p. 1057, as where they throw light upon the actions, animus or intent of the defendant, or his mental attitude at the time of the difficulty. McCoy v. State, 232 Ala. 104, 166 So. 769; Stallings v. State, 249 Ala. 580, 32 So.2d 236.

The converse is true that if they do not throw light on some material aspect of the transaction, they are not admissible.

█ We cannot see the relevancy of the proposed evidence of Cornelius that he bought the whiskey they drank from defendant. We think the trial court ruled correctly in that respect, and so did the Court of Appeals.

█ The trial court made no ruling contrary to that principle, and denied a motion for a new trial predicated on the manner of conducting the examination and on the argument of the solicitor, which was excluded by the court.. The Court of Appeals reversed on rehearing because of the "possibility of substantial injury." Unless the occurrence on which the motion was based, which did not involve a ruling adverse to appellant, *probably* injuriously affected the substantial rights of appellant, there was no reversible error in overruling the motion. Sometimes the cumulative effect of constantly trying to inject illegal matter creates such a prejudicial effect which cannot be eradicated, so as to cause a probability of improper influence by injecting the poison of bias into the minds of the jury. Blue v. State, 246 Ala. 73, 19 So. 2d 11. The possibility of doing so is not enough. The verdict must be clearly wrong and unjust. Kraas v. American Bakeries Co., 231 Ala. 278, 164 So. 565; Templeton & Son v. David, 233 Ala. 616, 173 So. 231.

The remarks of counsel must be so grossly improper and highly prejudicial, Louisville & Nashville R. Co. v. Sullivan Timber Co., 126 Ala. 95 [6], 27 So. 760, as that neither retraction nor rebuke could have destroyed their influence. Clendenson v. Yarbrough, 233 Ala. 269, 171 So. 277.

We think the Court of Appeals has not given effect to the principles applicable here. The judgment of the Court of Appeals granting the application for rehearing is reversed and the cause is remanded to that court for further consideration on the basis of the foregoing principles.

Reversed and remanded.

BROWN, LIVINGSTON, LAWSON, SIMPSON and STAKELY, JJ., concur.