138 So.2d 713

**L. M. PRESTWOOD et al.**

v.

**A. C. IVEY, as Administrator.**

**4 Div. 75.**

Supreme Court of Alabama.

Jan. 18, 1962.

Rehearing Denied March 22, 1962.

John C. Walters, Troy, J. Kirkman Jackson, Birmingham and Lewey Stephens, Jr., Elba, for appellants.

John W. Gibson and Oliver W. Brantley, Troy, for appellee.

MERRILL, Justice.

This is an appeal from a judgment for $13,000 under a complaint in simple negligence, charging L. M. Prestwood, Morris Prestwood and Clayton Prestwood, partners doing business as Prestwood Chair Company, and the driver of their truck, W. R. Reardon, with the negligent death of Emma C. Ivey. A motion for a new trial was overruled.

The accident occurred on a rainy afternoon, December 31, 1958. Defendants' trailer truck was traveling south on U. S. 231, meeting the automobile driven by the decedent. The collision occurred on the east side of the road, the right wheels of decedent's car being on the shoulder of its right-hand side. Two other persons in the automobile were killed. The driver of the truck testified that the accident was caused by defective brakes on the truck, explaining that when he touched his brakes, they locked and did not release, causing him to skid out of control or jack-knife in the highway.

 Appellants' first assignment of error is that "the Court erred in permitting plaintiff's witness Ballinger to detail the injuries of deceased." Appellants argue that since compensatory damages cannot be recovered under an action brought under Tit. 7, § 123, as here, the only question was the negligence vel non of defendants, and evidence of the extent of injuries was not admissible.

We have no disagreement with appellants' propositions of law, only with their application to the facts in this case.

Ballinger, a licensed mortician, was the first witness called by plaintiff. He testified that he arrived after the collision occurred, and found the deceased's body in the front seat of the car, and he "took her to be dead." He was asked to "describe the condition of her body" at that time and the court sustained objection to that question. He then testified that "generally speaking,"

284

the automobile accident was the cause of decedent's death. He said he observed several of decedent's injuries, and he was then asked to describe those injuries that he had observed. It had been stated to the court that the only purpose for asking these questions was to show the cause of death. The following occurred:

"A Well, she had severe chest injuries, which could have, in my opinion, caused death; and also head injuries which could have caused death. She had a severe leg injury which could have caused hemorrhage enough to have caused death.

"Q And in your opinion, the injuries that she received, which you observed there, were the cause of her death?

"A Yes sir."

The burden of proof on the plaintiff included proving that the deceased was killed in the accident as a result of injuries sustained therein. The evidence was admissible to meet that burden. The court charged the jury both in the oral charge and in written charges that only punitive damages could be recovered in the action.

The case of Kurn v. Counts, 247 Ala. 129, 22 So.2d 725, 729, cited by appellants, is not applicable. There, "the record shows a stipulation of counsel that the deceased died as a result of those injuries. So that counsel for plaintiff did not have any further burden in that respect, and he was not authorized to introduce prejudicial matters to prove an admitted fact." Here, there was no such stipulation and nothing to show that at the time the evidence was adduced, the cause of decedent's death was an admitted fact. The trial court did not err in admitting this evidence to show the cause of death.

■ Appellants argue that the court erred in permitting appellee to introduce into evidence two deeds made by Lewis M. Prestwood to his wife. One deed described over 1,000 acres of land in Coffee County

and stated "it being the specific intention of grantor herein to convey the grantee herein all the land and real estate that he owns in Coffee County, Alabama." The other deed conveyed 200 acres contiguous to the first tract but this acreage was in Pike County. The court let the evidence in under the rule announced in Burdett v. Hipp, 252 Ala. 37, 39 So.2d 389, that it "is admissible on the ground that such evidence tends to show a consciousness of liability."

Appellants argue first that the Hipp case was an action for assault and battery, and the doctrine does not apply to negligence cases. The answer to that contention is that the opinion in the Hipp case cites at least three negligence cases involving automobile collisions in support of the consciousness of guilt principle: Harmon v. Haas, 61 N.D. 772, 241 N.W. 70, 80 A.L.R. 1131; Chaufty v. De Vries, 41 R.I. 1, 102 A. 612; Cusik v. Miller, 102 Kan. 663, 171 P. 599, L.R.A.1918D, 1086.

Appellants also contend that the Hipp case is not apt authority because appellee did not affirmatively prove that the property was *all* the land that Prestwood owned. In the Hipp case, *all* the land was deeded. But we do not agree that evidence of property conveyances after an accident is limited to conveyances of all of one's property to be admissible, nor is the Hipp case to be so limited. None of the authorities cited in the Hipp case so hold. In Johnson v. O'Brien, 258 Minn. 502, 105 N.W.2d 244, 249, the court said:

"Defendants also raise as an issue the admissibility of evidence regarding property transfers made by the defendants to their children shortly after this injury occurred; also the comment made by the court as to what the jury could consider regarding this evidence. As near as can be determined, with the exception of one authority, it is uniformly held that evidence of one's property transfers after the occurrence of some event which may render him liable in damages is admissible to show a consciousness of liability and a pur-

pose to evade satisfaction of it. 20 Am.Jur., Evidence, § 279; 2 Wigmore, Evidence (3 ed.) § 282; Annotations, 80 A.L.R. 1139 and 65 A.L.R. 1307; Klein v. Pasch, 153 Minn. 291, 190 N.W. 338."

We hold that there was no burden on the appellee to show affirmatively that the deeds from Prestwood to his wife described all his property, even though one deed did show that he conveyed all of his real property in Coffee County.

Appellants also argue that the "deeds were not admissible because Lewis M. Prestwood was not, individually, a party to this suit." Appellants' position is that only the partnership was sued, and when one of the partners is not sued individually, his individual property is not affected, citing Woodfin v. Curry, 228 Ala. 436, 153 So. 620.

But we cannot agree that Lewis M. Prestwood was not sued individually. The suit was against "L. M. Prestwood, Morris Prestwood and Clayton Prestwood, partners doing business as Prestwood Chair Company, and Willie Ray Reardon." The added words, "partners doing business" etc., were "merely descriptive of the persons of the defendants or of the relation existing between them" and was a suit against the four named individuals. McKissack v. Witz, Biedler Co., 120 Ala. 412, 25 So. 21; Blackman v. Moore-Handley Hardware Co., 106 Ala. 458, 17 So. 629.

Appellants contend that the court erred in sustaining objections to the introduction of a liability insurance policy covering the partnership and the equity file in a suit by appellee against L. M. Prestwood and wife, seeking to set aside the deeds from Prestwood to his wife, as fraudulent conveyances. The file consisted of the bill, demurrer thereto, answer and cross-bill and demurrers to the cross-bill. Appellants argue that the policy would have shown that the accident was covered by liability insurance, and the pleadings of the Prestwoods in the equity case would have shown that there was no fraud connected with the conveyances of the husband to the wife.

The objection to the insurance policy was properly sustained. Counsel merely offered a policy "issued by the Employers Insurance Company of Alabama, to the Defendants Prestwood in this case, which affords coverage of $10,000.00 to any one person injured, or with a $20,000.00 total for any one accident, and which policy was in force and effect at the time of the occurrence of this accident, December 31, 1958.", and stated that it covered the vehicle involved in the collision. The policy was not self-proving and no preliminary evidence of its authenticity was offered. People's Savings Bank v. Jordan, 200 Ala. 500, 76 So. 442; First Nat. Life Ins. Co. of America v. Simpson, 25 Ala.App. 72, 140 So. 766.

The objection to the equity file was also properly sustained. The effect of its admission would have been to permit the unsworn and self-serving declarations of the Prestwoods in their answer to be admitted into evidence when they could explain the transaction between them by testifying in person if they had chosen so to do. Appellants sought to introduce the entire file. There was no error in the trial court's ruling. Moore v. Leftwitch, 1 Stew. & P. 254.

Appellants argue that the motion for a new trial should have been granted because patrolman Long, who investigated the accident and testified, talked to a group of people during a recess in the trial, one of whom was a juror, but he was never identified.

Long and some members of the group were discussing the worth of governors on trucks. The fact that Long was talking to the group was reported to the judge and the attorneys, and attorneys for both sides went and talked to Long and evidently were convinced that Long had done nothing improper because nothing more was done about it. After the jury returned to the box, patrolman Long observed that one of the jurors had been in the group. The

juror was not brought before the court, and the court has no way of knowing what the juror heard or his version of the same.

The trial court heard all the testimony on the motion for a new trial and observed in his written opinion overruling the motion:

"* * * Patrolman Long was a witness for the plaintiff in the case. Any personal interest he might have is not disclosed. He denies that he talked to a juror or anyone at the time in question about any of the facts in the Prestwood case. He testified further that he did not know at the time that any juror was present. He observed after the Jury returned to the box that one of them had been in the group. The juror was not brought before the Court, and the Court has no way of knowing what the juror heard, or his version of the same. The time to have gone completely into the matter was immediately after it was discovered and reported to Mr. Walters and Mr. Fleming, attorneys for the defendants, which was before the trial was concluded. The Court is of the opinion that the verdict should not be set aside and a new trial granted on this ground."

On questions of this kind, we consider the ruling of the trial court as being presumptively correct and conclude that the court acted within its sound judicial discretion in denying the motion. Green v. State, 252 Ala. 513, 41 So.2d 566. There was no reversible error in the action of the trial court. Boswell v. Land, 217 Ala. 39, 114 So. 470; Adams v. State, 32 Ala.App. 367, 26 So.2d 216.

 Finally, appellants argue that they were entitled to the affirmative charge because the undisputed evidence of the truck driver was that "the sudden locking of the brake system" caused the truck trailer to "jack-knife" across the road. We cannot agree. The physical facts already described showing that the decedent's car was so far on its right-hand side of the road that the right wheels were off the pavement and on the shoulder, and that appellants' vehicle came across the center line and struck it, was sufficient to present a jury question as to whether the collision was caused by the negligence of appellants or was an unavoidable accident.

Having found no reversible error in the argued assignments of error, it follows that the judgment should be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.