187 So.2d 232

**Brady HATCHER, Jr., pro ami,**

v.

**C. L. CAMP.**

**7 Div. 673.**

Supreme Court of Alabama.

March 10, 1966.

Rehearing Denied June 16, 1966.

McKay & Livingston and Lyndol Bolton, Sylacauga, for appellee.

John W. Cooper and Roscoe Hogan, Birmingham, for appellant.

LAWSON, Justice.

On January 8, 1962, the plaintiff, a boy then fourteen years of age, was accidentally shot in the back with a .410 gauge shotgun by a young hunting companion. ·He was

carried to a hospital in Sylacauga and defendant, a physician of that city, was employed to attend the case. Plaintiff was operated on in the hospital at Sylacauga by a surgeon from Birmingham on January 19, 1962. He was later removed to a hospital in Birmingham, where several other operations were performed on him by the same surgeon. Plaintiff insists that the several operations, the long periods of hospitalization, and his alleged physical and emotional infirmities are all due to negligent diagnosis, treatment and care by the defendant, and instituted this suit by his next friend and father to recover damages therefor.

There was verdict and judgment for the defendant. The plaintiff's motion for new trial being overruled, he has prosecuted this appeal.

The plaintiff did not request the affirmative charge and he does not contend here that the trial court erred in overruling those grounds of his motion for new trial which took the point that the verdict was not sustained by the great preponderance of the evidence. Hence we need not set out the evidence in detail. We will discuss the evidence only to the extent that it may be necessary to a treatment of some of the argued assignments of error.

We will consider the argued assignments of error in the order in which they are treated in the brief filed here on behalf of the appellant, the plaintiff below.

The substance of the first argument for reversal is that the trial court erred in not granting plaintiff a new trial because "of the incident where the appellee [defendant], his two attorneys and one of the jurors were in a private conversation in the jury room with no one else around."

At the hearing on the motion for new trial, one of the attorneys for appellant, plaintiff below, made known to the court that during the course of the trial he "observed in the jury room Mr. Charles McKay, Mr. Lyndol Bolton, the Defendant Dr. Camp, and a juror, whose name I do not recall, but who was definitely one of the jurors in the jury room. After passing the jury room another juror came up and started into the room, and I do not believe this second juror remained in the jury room. There was some conversation taking place; I do not know what was being said. I did not overhear it, nor did I inquire as to the contents of the conversation, but I did call the fact of the occasion and the occurrence to the attention of the Court immediately thereafter. This was during the noon recess and it was called to the Court's attention during the noon recess. That is all." Mr. McKay and Mr. Bolton were the defendant's attorneys.

Mr. McKay made the following statement in reply:

"* * * I have no independent recollection of the incident which Mr. Hogan mentions. I do know that if any such incident took place that nothing whatsoever was said about medicine or about this case in the presence and hearing of any juror except during the course of the trial in the courtroom when the trial judge was present, by myself, or Mr. Bolton, or by anybody else who might have been present at the time of the alleged incident. I further know that no matter of any personal business or personalities involving any juror was mentioned, if such an incident took place, and that any conversation had at that time in the presence of any juror's hearing, the occasion was wholly foreign to any personal business of that juror or of the matters under consideration.

"I might say further that during the course of the trial the jury was not confined during rest periods and noontime breaks, that the jurors could, and did circulate freely about Talladega and about the courthouse and that at one time or another during such recesses were in the room and at which time the Defendant was present, or the Plaintiff was present, or all at the same time, and that

I know of no impropriety at any time in the presence or hearing of counsel or in the presence or hearing of any jurors at any time during the course of the trial.

"I might further state if such incident such as Mr. Hogan mentioned happened, and I don't remember if it did take place, and I have no recollection of any such conversation, that at all times the door to the jury room was open.

"That concludes my statement."

In Louisville & N. R. Co. v. Turney, 183 Ala. 398, 62 So. 885, one of the cases relied upon by appellant, it is said in part:

" * * * But casual meetings and the interchange of casual and ordinary civilities between a party and a juror during the recesses of the court, no sinister design being apparent, will not ordinarily suffice to avoid the verdict, if the court can clearly see that it could not have had any effect on the mind or sentiment of the juror. (Authorities cited)"

The court no doubt accepted as true the statement of plaintiff's counsel to the effect that he saw the attorneys for the defendant and the defendant himself conversing with a juror during a recess, for that statement was not unequivocally denied by Mr. McKay. But there was no denial of Mr. McKay's statement to the effect that if such a conversation did take place, it was not concerned with the case or any personal matter in which the juror was concerned.

■■■ On questions of this kind, we consider the ruling of the trial court as being presumptively correct and conclude that the court acted within its sound judicial discretion in not granting a new trial on the ground now under consideration. Prestwood v. Ivey, 273 Ala. 281, 138 So.2d 713, and cases cited. See Alabama Power Co. v. Hall, 212 Ala. 638, 103 So. 867.

The plaintiff insists that the trial court erred to a reversal in giving at the request of the defendant the following written charge:

"6. The Court charges the jury that if they find from the evidence that the defendant exercised such reasonable care, skill and diligence commonly possessed and exercised by other physicians and surgeons engaged in the same line of practice in the general neighborhood and that notwithstanding the exercise of such care, skill and diligence the defendant nevertheless, failed to diagnose the injury to the plaintiff's intestine, then they must find for the defendant."

■■■ This charge could have been refused without error because the predicate for the jury's determination used therein is "if they [the jury] find from the evidence," whereas the proper predicate in a civil suit is "reasonably satisfied from the evidence." New York Times Co. v. Sullivan, 273 Ala. 656, 144 So.2d 25, rev. on other grounds, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686. But we will not reverse for the giving of a charge solely because the improper predicate for the jury's determination is used. New York Times Co. v. Sullivan, supra. We will point out, however, that a general charge is not objectionable in form when given with the hypothesis that the jury believes the evidence. Stewart Bros. v. Ransom, 204 Ala. 589, 87 So. 89.

Charge 6 is in the identical language of Charge 11 held given without error at the request of the defendant doctor in Hester v. Ford, 221 Ala. 592, 130 So. 203, except that in Charge 6 in this case the word "intestine" is used whereas in Charge 11 in Hester v. Ford, supra, the words "leg and foot" were used.

But plaintiff asserts in brief that the trial court erred to a reversal in giving Charge 6 in that it "singles out evidence and omits substantial evidence bearing upon whether or not the appellant [appellee] exercised reasonable care, skill and diligence in diag-

nosing the many other troubles of appellant."

The single count in this case, as amended, like both counts in Hester v. Ford, supra, relies upon negligent diagnosis and treatment as a basis of the cause of action.

Count 2 in Hester v. Ford, supra, charged that " 'defendant negligently failed to use in and about the said diagnosis and treatment of plaintiff's injury reasonable care,' 'skill,' or 'diligence.' " Count 4 in the Ford case charged "defendant failed to use in and about the said diagnosis of plaintiff's ankle such 'care,' 'skill,' or 'diligence' 'as was reasonably necessary to ascertain the character of the injury.' "

The amended complaint in this case charges that "the said Dr. C. L. Camp was so negligent in the treatment of his gunshot wound and the sequela thereto that the plaintiff was caused to develop severe disabling complications from the gunshot wound." Following a delineation of the "severe disabling complications" the amended complaint concludes:

"Plaintiff avers that all of his aforesaid injuries and damages were as the proximate result of the negligence of the defendant, Dr. C. L. Camp, in that he so negligently cared for and treated plaintiff's said gunshot wound on said occasion in the Sylacauga Hospital between said dates as to negligently permit and negligently allow the aforestated complications and other sequela while under the said defendant's professional care and treatment."

The evidence, as we understand it, shows that plaintiff's real complaint was that the defendant did not discover that the plaintiff's intestine had been perforated by shot until after a "right gutter abscess and fecal fistula" developed "as a proximate consequence of the appellant's intestine being perforated." The words last quoted are from the brief of appellant, plaintiff below.

■ We have examined this voluminous record with care and believe that plain-

tiff's case was grounded on the claim that the defendant negligently failed to discover that plaintiff's intestine had been perforated by shot. Hence we hold that the giving of Charge 6 should not work a reversal of this case. If that charge be deemed incomplete and, therefore, misleading, giving it was not reversible error. The remedy in that case would be to request an explanatory charge. First National Bank of Mobile v. Ambrose, 270 Ala. 371, 119 So.2d 18.

■ Plaintiff complains of the action of the trial court in giving defendant's requested Charge 9, which reads:

"Unless you are reasonably satisfied from the evidence that the defendant failed to exercise reasonable and ordinary care, skill, and diligence, in the treatment of the plaintiff's gun shot wounds, you cannot find for the plaintiff."

The plaintiff says that Charge 9 is subject to the same vice as Charge 6, but does not contend it is otherwise bad. Based on what we have said about defendant's Charge 6, we hold that the trial court did not err in giving defendant's Charge 9.

Plaintiff next contends that the trial court erred to a reversal in giving defendant's requested Charge 13, which reads:

"The Court charges the jury that physicians or surgeons do not, in the absence of a contract to that end, insure a successful operation or cure. The reasonable and ordinary care, skill and diligence which is required of them is such as physicians and surgeons in the same general line of practice, ordinarily have and exercise in a like case and under like circumstances. When they have met this test in any given case they have discharged the duty owing, and the fact that unsuccessful results have followed cannot be made the basis of the recovery of damages. *Such is the firmly established rule of our cases. It is sound and salutary. There has never been but one 'Perfect Healer.'* " (Emphasis supplied)

■ Charge 13 was apparently taken from the opinion of this court in Snow v.

Allen, 227 Ala. 615, 151 So. 468. The fact that the language of Charge 13 was taken almost verbatim from the case of Snow v. Allen, supra, does not necessarily mean that it was proper for the court to give it. Torian v. Ashford, 216 Ala. 85, 112 So. 418; Mobile Infirmary v. Eberlein, 270 Ala. 360, 119 So.2d 8. In the brief of appellant, plaintiff below, it is conceded that Charge 13 would be a correct statement of the law except for the sentences which we have italicized. Plaintiff says that those sentences are abstract, argumentative and misleading. Conceding without deciding that those sentences are subject to the criticism directed at them by plaintiff, it does not follow that we should reverse the trial court for the giving of Charge 13.

The giving of an abstract charge which may have a tendency to mislead but which is not calculated to do so is not ground for reversal. Marbury Lumber Co. v. Westbrook, 121 Ala. 179, 25 So. 914. Nor should the trial court be reversed because the charge may be said to be argumentative. In Mobile Cab & Baggage Co. v. Busby, 277 Ala. 292, 169 So.2d 314, we said that the giving of a charge which was at most abstract, argumentative and misleading was not reversible error.

Plaintiffs insist that the cause should be reversed because a witness for the defendant answered a question to which plaintiff's objection had been sustained. There is no merit in this assertion. The witness' answer was excluded by the trial court on motion of counsel for plaintiff. Southern Electric Generating Co. v. Leibacher, 269 Ala. 9, 110 So.2d 308, and cases cited. Moreover, the statement of the witness about which complaint is made, when examined in the light of the entire record, did not in our opinion probably injuriously affect the substantial rights of the plaintiff. Supreme Court Rule 45.

Nor is there any merit in plaintiff's insistence that the cause should be reversed because of a voluntary statement made by Dr. Gray, another witness for defendant. The statement was excluded and the jury was carefully instructed to disregard the statement.

The remaining assignments of error relate to the argument to the jury made by one of the attorneys representing the defendant. In each instance plaintiff's objection was sustained and the court, in effect, instructed the jury to disregard the statements. Nor do we think the remarks of counsel which were excluded after objection had been sustained were so grossly improper and highly prejudicial as that neither retraction nor rebuke could have destroyed their influence. Levert v. State, 252 Ala. 308, 42 So.2d 532.

The judgment of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.