191 So.2d 30

**Fred A. WIGGINS**

**v.**

**STATE.**

**4 Div. 565.**

Court of Appeals of Alabama.

Oct. 11, 1966.

Tipler & Fuller, Andalusia, for appellant.

Richmond M. Flowers, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

JOHNSON, Judge.

Appellant was indicted and tried for murder in the first degree in Covington County. He was convicted of murder in the second degree and sentenced to imprisonment in the penitentiary for fifteen years as punishment therefor. From this judgment he makes this appeal.

Appellant contends that it was error to admit into evidence a telephone conversation between Deputy Sheriff Mancil Pierce and a person alleged to be appellant. This alleged conversation occurred on the same day of the homicide and was in substance a threat by the caller upon the life of deceased. In an attempt to establish the identity of the caller the witness Pierce stated that he had known appellant for about fifteen years; that he had talked to appellant before over the telephone; that the voice "sounded like him [appellant]"; that the person on the telephone said he was Fred Wiggins [appellant]; and on cross-ex-

amination, that it sounded like him [appellant]; and he said it was him, but that he couldn't swear it was him. In Dentman v. State, 267 Ala. 123, 99 So.2d 50, it is stated:

"Speaking generally, communications through the medium of the telephone may be shown in the same manner, and with like effect, as conversations had between individuals face to face, but the identity of the parties against whom the conversation is sought to be admitted must be established by some testimony either direct or circumstantial."

The only evidence tending to establish the identity of Dentman was that the man who had the conversation with the witness identified himself as Dentman. It was held that this was insufficient identification.

■ In the case at bar we feel that because of the ease with which such evidence could be counterfeited the conversation should not be admitted under the testimony before us. The witness Pierce, in his commendable caution, did not testify that either he was positive or that in his best judgment the voice in question was that of the accused. Such testimony should have first been given before the telephone conversation was admitted. Such requirements are intended to apply only in situations where the receiver of the call is the witness and the accused is the alleged caller and are not intended to apply to telephone conversations made under different situations.

■ A brother-in-law of appellant attempted to testify that the day after the killing, he saw appellant and that the buttons were torn off appellant's shirt. The purpose of this evidence was to show that at the time appellant shot deceased, deceased was choking appellant and that deceased pulled the buttons off the shirt. This evidence if properly proven is material and relevant and tends to shed light on a material inquiry and on the matters at issue. Levert v. State, 34 Ala.App. 523, 42 So.2d 525, reversed 252 Ala. 308, 42 So.2d 532, cert. den. 252 Ala. 659, 42 So.2d 534. How-ever, there was no error in the court sustaining the objection to this testimony. There was no evidence tending to prove that immediately prior to the occurrence the buttons were intact on the shirt, nor that immediately after the occurrence the buttons were torn off the shirt or that the shirt was substantially in the same condition at the time the witness saw it as it was at the time of the occurrence, nor that the shirt which the witness saw was the shirt worn by appellant at the time of the occurrence.

■ There was no error in the trial court ruling that relationship of a juror to the prosecuting attorney was not a ground for challenge. Hayes v. State, 33 Ala.App. 364, 33 So.2d 744.

■ In his closing argument to the jury the prosecuting attorney stated:

"You have been on the streets and heard it yourself, you have heard of cases being tried here in this courtroom, and you make the remark or have heard the remark made: 'there is no need to carry it to court they won't do nothing about it!'"

Although such remarks do not fall strictly within the rule of argument of reasonable inference from the evidence, we feel that under Amerson v. State, ante p. 148, 182 So.2d 901, cert. den. 279 Ala. 685, 182 So. 2d 906, such argument should not work a reversal of this case.

In the Amerson case the court, speaking through Price, P. J., held that the following argument of the prosecuting attorney was permissible:

"Think about how hard it is for the law enforcement officers to get out and work and all you hear is, Ah, they are shooting folks up in Covington County, cutting folks up in Covington County. They don't do nothing about it up there in court. You hear those remarks."

The other argument by the prosecuting attorney to which objection was made,

"Now if you will carry out your responsibility, and I want to tell you, it works, you know, in a chain. The prison system has got the next responsibility. It's up to them what happens from here on out."

is too vague and indefinite in its meaning and purpose for us to consider it prejudicial to the substantial rights of appellant. Taken literally, it is a correct statement and is not prejudicial.

Due to the error noted, this cause is due to be and the same is hereby

Reversed and remanded.