A jury found defendant (appellant) guilty of manslaughter in the first degree, the jury fixed his sentence at imprisonment in the penitentiary for the term of five years, and he was sentenced by the Court accordingly.
The defendant was indicted by the grand jury of Butler County for murder in the first degree, was arraigned and tried on December 12, 1975, and found guilty of manslaughter in the first degree.
On the night of May 10, 1975, defendant had been arguing with several persons and was asked to leave, with these persons, the building wherein the argument was taking *Page 404 
place. After leaving the building the defendant continued the argument with the deceased in a nearby parking lot where the defendant shot the deceased with a 22 caliber pistol. After the trial it was reported to defense counsel that one of the jurors had spoken to the mother of the deceased during a recess of the jury.
(1) The appellant assigns as error on his motion for a new trial and the overruling of said motion, the fact that a juror conversed with the mother of the deceased during a jury recess while the trial was in progress. The transcript does not show what was said or what any conversation was that was had between the two. The appellant called a witness who testified that he saw the designated juror speak to the deceased's mother but that he could not hear what was said. In rebuttal the State called the juror and the mother of the deceased to testify and both stated that nothing was said between the two concerning the case or any facts connected therewith. The prejudicial effect of communications between jurors and others, especially in a criminal case, determines the reversible character of the error. Whether there has been a communication with the juror and whether it has caused prejudice are fact questions to be determined by the Court in the exercise of sound discretion. The evidence pertaining to the conduct of this juror was submitted at the hearing on motion for a new trial. It became the duty of the trial Judge to exercise his reasonable discretion in weighing and determining such evidence and making his decision thereon. His ruling and determination will not be disturbed in the absence of a showing of abuse of discretion. Such abuse was not, in our opinion, in anyway evident.
We cite the following; Adams v. State, 32 Ala. App. 367,26 So.2d 216; Prestwood v. Ivey, 273 Ala. 281, 138 So.2d 713; Am.Jur.2d, Trial, Section 999.
(2) The second point raised by the appellant is that on a motion for a new trial the Court refused to allow the appellant to take evidence of jurors concerning deliberations in the jury room after the case was completed. The appellant failed to make known to the Court any direct point involving failure of jurors to answer qualification questions or any direct factual matters which would have disqualified any of the jurors from serving. The appellant fails to cite any Alabama cases which would allow him to proceed in showing any deliberations of the jury. We are of the opinion that the trial Judge acted correctly in his ruling concerning the offering of evidence of what took place within the jury room concerning the jury's deliberations.
The appellant argues no further points in his brief. We have considered the entire record and have failed to find any error in the record prejudicial to the defendant.
We conclude that the judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Kennedy Williams, Circuit Judge, temporarily on duty on the Court pursuant to subsection (4) of Section 38, Title 13, Code 1940, as amended.
The judgment below is hereby affirmed.
AFFIRMED.
All the Judges concur.